City of Buffalo, Appellant, *v.* Dai H. Lewis, Respondent.

1. Statutory Construction — Repeal of Earlier Statutes by Enactment of Later Act Covering the Same Subjects, with Additional Provisions.  Where a later act covers the whole subject of earlier acts, together with new provisions, and plainly shows that it was intended not only as a substitute for the earlier acts but to cover the whole subject then considered by the legislature and to prescribe the only rules in respect thereto, it will operate as a repeal of all former statutes relating to such subject-matter even if such former acts are not in all respects repugnant to the new act.

2. Motor Vehicle Law — All Former Statutes Relating to Motor Vehicles Repealed Thereby — Buffalo (City of) — Common Council Without Power to Enact Ordinance Imposing Tax on Owners of Motor Vehicles for Privilege of Using Streets.  The Motor Vehicle Law (L. 1904, ch. 538) was clearly designed as a new, complete and general enactment to take the place of all the previous statutes, ordinances or rules relating to the use of motor vehicles upon the streets and highways of this state and must be held to have repealed all former statutes relating to such subject-matter, even if such former acts are not in all respects repugnant to its provisions.  The common council of the city of Buffalo had, therefore, no power, in 1907, to enact an ordinance in pursuance of the provision of chapter 31 of the Laws of 1904, amending section 17 of the city charter (L. 1891, ch. 105), and authorizing it to enact an ordinance imposing a tax upon the owners of motor vehicles for the privilege of operating them upon the streets of such city, since the provisions of the statute in question must be considered as repealed by the subsequent enactment of the Motor Vehicle Law, and that statute expressly provides that with certain exceptions, not applicable to the question under consideration, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring of any owner or operator of a motor vehicle any license, or permit, to use the public highways contrary to or inconsistent with its provisions.

3. Motor Vehicle Law a New, Independent and General Statute — Cannot Be Considered as Amendment to Highway Law.  The fact that prior to the enactment of the Motor Vehicle Law some of its provisions were included in certain sections of the Highway Law and that on the day of its enactment the Highway Law was, by a separate act, amended by striking therefrom all reference to motor vehicles, does not warrant a contention that such provisions of the Motor Vehicle Law as are substantial re-enactments of the provisions stricken from the Highway Law should be considered as amendments of such Highway Law, and that the Motor Vehicle Law, in so far as it is a re-enactment of such provisions, should be deemed a statute of a prior date to the charter of the

city of Buffalo. The sections of the Highway Law in question were not in terms repealed or amended by the Motor Vehicle Law, but by a separate act, and it is clear that it was the intention of the Legislature, which is controlling, to enact a new, independent and general statute relating to motor vehicles, which should be construed, in all its parts, as taking effect on the date of its enactment.

4. TAX IMPOSED BY ORDINANCE NOT CONSTRUED TO BE FOR PURPOSES OF REVENUE WHERE ITS PURPOSE TO RESTRAIN USE OF MOTOR VEHICLES IN STREETS IS OBVIOUS. A contention that the ordinance in question does not require a license, or permit, to use the public streets of the city of Buffalo, but that it imposes a tax to raise revenue for the expenses of the municipality, and hence is not in conflict with the prohibitory clause of the Motor Vehicle Law, cannot be sustained, since such ordinance does not in any way show that it is intended for the purpose of providing revenue for the maintenance of the municipality and its purpose to restrain the use of motor vehicles in the public streets is so obvious that very little weight can be given to the fact that the sum required to be paid is called a tax instead of a license. It is apparent from its language, and the purpose of its provisions, that the ordinance is a plain attempt to avoid the provisions of the Motor Vehicle Law.

*City of Buffalo* v. *Lewis*, 123 App. Div. 163, affirmed.

(Argued April 8, 1908; decided May 19, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 8, 1908, which affirmed an interlocutory judgment of the Municipal Court of the city of Buffalo sustaining a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the questions certified, are stated in the opinion.

*Louis E. Desbecker, Corporation Counsel ( William S. Rann* of counsel), for appellant. The only provisions of the Motor Vehicle Law which are relied on by respondent as having directly and by their own energy repealed that part of the charter amendment which authorizes the taxation of automobiles, or prohibited or nullified the ordinance sued on, are re-enactments of statutory provisions which antedate the charter amendment. Hence, the charter amendment being in contemplation of law the later enactment is, in case of con-

flict, the paramount expression of the legislative will. (*Horn* v. *State*, 114 Ga. 509; *Ely* v. *Holton*, 15 N. Y. 595; *Moore* v. *Mausert*, 5 Lans. 173; 49 N. Y. 332; *Taylor* v. *E. S. S. Bank*, 66 Hun, 540; *Matter of R. W. Comrs.*, 66 N. Y. 413; *Davis* v. *Davis*, 75 N. Y. 221; *Roddy* v. *B. H. R. R. Co.*, 23 Misc. Rep. 373; *Marsh* v. *Kaye*, 44 App. Div. 68; *McAvoy* v. *New York*, 52 App. Div. 485; *People ex rel. N. Y. University* v. *Wells*, 94 App. Div. 271; *Matter of Prime*, 136 N. Y. 347.) The payment required by the ordinance and contemplated by the charter amendment is not a license fee. It is a tax. It is not the price of a privilege conferred by the city. It is a tax on a privilege conferred by the state. The object aimed at is not regulation, but revenue. (*Smith* v. *People*, 47 N. Y. 330; *Matter of R. W. Comrs.*, 66 N. Y. 413; *People ex rel. Savings Bank* v. *Butler*, 147 N. Y. 164; *Youngblood* v. *Sexton*, 32 Mich. 406; *H. Ins. Co.* v. *Peoria*, 156 Ill. 420; *H. Ins. Co.* v. *City Council*, 50 Ga. 537; Cooley on Taxn. [3d ed.] 1137; *W. U. T. Co.* v. *City Council*, 56 Fed. Rep. 419; *H. Ins. Co.* v. *City Council*, 93 U. S. 116; *Cain* v. *City of Syracuse*, 95 N. Y. 83; *Howard* v. *City of Brooklyn*, 30 App. Div. 217.) The Motor Vehicle Law did not repeal the charter amendment, either expressly or by implication. The two statutes are not inconsistent with each other. (Lewis' Sutherland on Stat. Const. [2d ed.] § 256; *District of Columbia* v. *Sisters of Vis.*, 15 App. Cas. [D. C.] 300, *Struthers* v. *People*, 116 Ill. App. 481; *Matter of The Evergreens*, 47 N. Y. 216, *Smith* v. *People*, 47 N. Y. 330; *Whipple* v. *Christian*, 80 N.Y. 523; *People* v. *Quigg*, 59 N. Y. 83; *Davis* v. *Supreme Lodge*, 165 N. Y. 159; *Woods* v. *Bd. of Suprs.*, 136 N. Y. 403; *Marks* v. *State*, 97 N. Y. 573; *Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210.) The ordinance sued on is neither prohibited nor nullified by the Motor Vehicle Law. (*Buffalo* v. *N. Y., L. E. & W. R. R. Co.*, 152 N. Y. 276; *New York* v. *Hewitt*, 91 App. Div. 445; *Mayor, etc.*, v. *D. D. & E. B. R. R. Co.*, 133 N. Y. 104; *Duryea* v. *Mayor*, 96 N. Y. 477; *Ex parte Haskell*, 112 Cal. 412; *Ex parte Whitwell*, 98 Cal. 73;

*St. Louis* v. *Webber*, 44 Mo. 547 ; *City of Rochester* v. *Simpson*, 134 N. Y. 414; *Buffalo* v. *N. Y. & W. R. R. Co.*, 152 N. Y. 276.)

*Daniel J. Kenefick* for respondent. The tax authorized by the charter amendment and imposed by the ordinance is in the nature of a license tax or license fee required to be paid by the owner of a motor vehicle for the privilege of operating it along the public highways of the city. (*Galloway* v. *Stewart*, 49 Ind. 156 ; *Home Ins. Co.* v. *City of Augusta*, 50 Ga. 537.) The charter amendment (Laws of 1904, chap. 31) was repealed, so far as it conferred power on the common council to impose a license tax on automobiles, by the Motor Vehicle Law (Laws of 1904, chap. 538). Therefore, the ordinance passed under the assumed authority of the charter amendment is without force. (*City of Buffalo* v. *Neal*, 86 Hun, 82 ; *Matter of N. Y. Inst.*, 121 N. Y. 241 ; *Le Couteulx* v. *City of Buffalo*, 33 N. Y. 333.) The provisions of the Motor Vehicle Law relied on to defeat this ordinance are not substantial re-enactments of provisions of the prior law within the meaning of section 32 of the Statutory Construction Law, and said section has no application to the question at issue. (*Matter of Prime*, 136 N. Y. 347.)

Chase, J. By section 17 of the charter of the city of Buffalo (Chapter 105, Laws of 1891) it is provided : " Sec. 17. The common council shall from time to time enact ordinances * ·* * (6) To license and regulate cartmen, porters, owners and drivers of all vehicles used for the transportation of passengers or property for hire, and to fix the rates of compensation to be taken by them ; to license and regulate plumbers ; * * * to prescribe the terms and conditions on which licenses shall be granted. * * *."

By chapter 31, Laws of 1904, which became a law March 1, 1904, there was added to said subdivision of said section the following : " To impose and levy a tax upon the owner or owners of hackney carriages, sleighs, cabs, coupes, private

carriages, barouches, buggies, wagons, omnibuses, carts, drays, baggage wagons, automobiles, motor vehicles, bicycles, tricycles, and similar vehicles, or any other vehicle, for the privilege of operating, driving or propelling the same along or upon the public streets, avenues, highways, and other public places in the City of Buffalo; to fix the amount of such tax and to prohibit the use of the public streets, highways, avenues or other public places of the city by the owner or owners, or driver or drivers, of any such vehicle in the event of any tax so imposed not being paid, and to fix and provide such penalty or penalties as it shall deem proper for a violation of any such ordinances."

The Motor Vehicle Law (Chapter 538, Laws of 1904) became a law May 3, 1904, and it provides: "Section 1. * * * Except as otherwise herein provided, it shall be controlling, * * * (2) On their (motor vehicles) use of the public highways. * * *."

"§ 4. * * *. Subdivision 3. Local ordinances prohibited.— Subject to the provisions of this act, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring of any owner or operator of a motor vehicle any license or permit to use the public highways, or excluding or prohibiting any motor vehicle whose owner has complied with section two of this act from the free use of such highways, except such driveway, speedway or road as has been or may be expressly set apart by law for the exclusive use of horses and light carriages, or except as herein provided, in any way affecting the registration or numbering of motor vehicles or prescribing a slower rate of speed than herein specified at which such vehicles may be operated, or the use of the public highways, contrary to or inconsistent with the provisions of this act; and all such ordinances, rules or regulations now in force are hereby declared to be of no validity or effect; * * *."

"§ 7. All acts and parts of acts inconsistent herewith or contrary hereto are, so far as they are inconsistent or contrary, hereby repealed."

On March 18, 1907, an ordinance was duly enacted by the common council of the city of Buffalo as follows : " Sec. 27. The owner and owners of every automobile or other motor vehicle and of any vehicle propelled by any power other than muscular power, excepting such motor vehicles as run only upon rails or tracks, and (excepting motor cycles, motor bicycles, traction engines, road rollers, bicycles or tricycles) operated or propelled within the city of Buffalo shall be required to pay into the city treasury an annual tax of $5 for each such automobile, motor vehicle or vehicles so propelled by other than muscular power. The tax hereby imposed shall become due on the first day of May of each year and shall be paid on or before said day to the city treasurer, who shall receive and receipt for the same and who shall place all sums so received to the credit of a fund for the repair of the paved streets, avenues, alleys, highways and other public places of the city.     *     *     *

" Every person liable to the payment of any tax imposed in pursuance of this section, who shall refuse or neglect to pay such tax within one month after the same shall become due and payable shall be liable to a penalty of $10 for each such tax so remaining unpaid in addition to the amount of such tax.

" This section shall not apply to vehicles owned by non-residents of the city."

The defendant is a resident of the city of Buffalo and at the times mentioned in the complaint was, and now is, the owner of an automobile. He duly complied with the Motor Vehicle Law and prior to and after May 1, 1907, had operated and propelled said automobile within the city of Buffalo. He neglected and refused to pay the alleged tax imposed by said ordinance, and after more than one month had elapsed after said alleged tax became due and payable as provided by said ordinance this action was commenced to recover the penalty of $15 as also in said ordinance provided.

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of

action.   The demurrer was sustained.   On an appeal to the
Appellate Division of the Supreme Court the interlocutory
judgment was affirmed.   An appeal to this court was allowed
and the following questions certified to us:

" 1.   Did the Common Council of Buffalo subsequent to the
enactment of Chapter 31, Laws of 1904, and of the Motor
Vehicle Law, Chapter 538, Laws of 1904, have authority to
pass the ordinance set forth in the complaint in this action ?

" 2.   Does the complaint in this action state facts sufficient
to constitute a cause of action ? "

Automobiles have but recently come into common use.
Within the last few years their use has not only greatly
increased, but tours therewith have been extended through
many municipalities.   Good judgment has not always been
exercised in their use, and the rights of others have sometimes
been overlooked by their owners or drivers, and, principally
in consequence thereof, more or less opposition has arisen to
their unrestricted use upon the public streets and highways.
The opposition to such use has frequently found expression
in local restrictive rules and ordinances.   Such local rules and
ordinances existing prior to the enactment of the Motor Vehicle
Law were not only dissimilar and conflicting, but sometimes
difficult to understand.   The necessity for a uniform law
throughout the state was apparent, and the Motor Vehicle
Law was clearly designed as a new, complete and general
enactment to take the place of all previous statutes, ordi-
nances or rules relating to the use of motor vehicles upon
the streets and highways of this state.   The purpose of
the legislature in enacting such law is shown in the clear
and unmistakable language used by it.   In the first section
of the act it asserts that, except as therein otherwise pro-
vided, it shall be controlling in the use of the public high-
ways.   With the exceptions stated in the act, it provides that
local authorities shall have no power to pass, enforce or main-
tain any ordinance, rule or regulation requiring of any owner
or operator of a motor vehicle any license or permit to use the
public highways, or excluding or prohibiting any motor vehicle

from the free use of such highways, or in any way affecting the use of the public highways contrary to or inconsistent with the provisions of the act. It further expressly enacts that all ordinances, rules or regulations then in force are of no validity or effect, and that all acts and parts of acts inconsistent with the Motor Vehicle Law or contrary thereto so far as they are inconsistent or contrary are repealed.

It is well settled that where a later act covers the whole subject of earlier acts and embraces new provisions and which act plainly shows that it was intended not only as a substitute for the earlier acts but to cover the whole subject then considered by the legislature and to prescribe the only rules in respect thereto, it will operate as a repeal of all former statutes relating to such subject-matter even if such former acts are not in all respects repugnant to the new act. (*Pratt Institute* v. *City of New York*, 183 N. Y. 151, and cases therein cited; Black on Interpretation of Laws, 116; *Matter of Troy Press Co.*, 94 App. Div. 514; affd., 179 N. Y. 529; *Matter of B., Q. C. & S. R. R. Co.*, 185 N. Y. 171.)

In this case the intention of the legislature to repeal all laws inconsistent with and contrary to it and to make the act complete and exclusive is further shown in reserving to municipalities the right upon certain conditions to limit by ordinance, rule or regulation the speed of motor vehicles on the public highways and to make, enforce and maintain further ordinances, rules or regulations affecting motor vehicles which are offered to the public for hire. (See *People ex rel. Hainer* v. *Keeper of Prison*, 190 N. Y. 315.)

Prior to the enactment of the Motor Vehicle Law some of the provisions now included therein were included in sections 163 and 169a of the Highway Law. On the same day that the Motor Vehicle Law was enacted said section 169a of the Highway Law was repealed and said section 163 of the Highway Law was amended by striking therefrom all reference to motor vehicles. It is claimed by the appellant that by virtue of section 32 of the Statutory Construction Law such provisions of the Motor Vehicle Law as are substantial

re-enactments of the Highway Law as it existed prior to May 3, 1904, should be considered as amendments of such Highway Law and that the Motor Vehicle Law should so far as it is a re-enactment of the provisions previously in the Highway Law be deemed a statute of a prior date to the charter of the city of Buffalo.

The sections of the Highway Law were not in terms repealed or amended by the Motor Vehicle Law. Such repeal and amendment was by a separate act. The intention of the legislature is controlling. It is clear, as we have stated, that it was the intention of the legislature to enact a new, independent and general statute relating to motor vehicles, and it should be so construed in all its parts as a statute taking effect on May 3, 1904, the date of its enactment. It prohibits the common council of the city of Buffalo from passing an ordinance affecting the public highways of the city contrary to or inconsistent with the provisions of such Motor Vehicle Law.

The appellant contends that the ordinance in question does not require a license or permit to use the public streets of the city of Buffalo, but that it imposes a tax to raise revenue for the expenses of the municipality. The amendment of 1904 to the charter of the city which we have quoted was made a part of that subdivision of the section which authorizes the common council of the city to enact ordinances to license and regulate cartmen, porters, owners and drivers of all vehicles used for the transportation of passengers or property for hire. It in terms authorizes the imposition of a tax upon the owner or owners of certain vehicles, including motor vehicles. The tax is not imposed upon the owners as individuals, nor upon motor vehicles as property, and no provision whatever is contained in the charter providing for the collection of the tax as such. The so-called tax is imposed " For the privilege of operating, driving or propelling the same (vehicles) along or upon the public streets, avenues, highways and other public places in the city of Buffalo." Its purpose is further shown in that part of the act which grants authority " To prohibit the use of the

public streets, highways, avenues or other public places of the city by the owner or owners or driver or drivers of any such vehicle in the event of any tax so imposed not being paid." The act does not in any way show that it is intended for the purpose of providing revenue for the maintenance of the municipality. The distinction between a license or license tax as a police regulation, and a tax for raising revenue is in the fact that one is intended for regulation and the other for revenue.

If the ordinance had been intended for the purpose of raising revenue for the maintenance of the public highways of the city it is not reasonable to suppose that it would have been confined to motor vehicles. It would have materially increased the revenues for such purpose if it had included therein all of the vehicles mentioned in said charter amendment.

When the occupation or use of a public street involves danger in some degree to the public a license may operate as a partial restraint upon such use of the public streets. The purpose of the ordinance in question to restrain the use of motor vehicles in the public streets of Buffalo is so obvious that very little weight can be given to the fact that it is called a tax instead of a license.

The direction in the ordinance to place all sums received therefrom to the credit of a fund for the repair of the paved and other streets of the city is no more significant of its purpose than is the entire failure of the ordinance to make any provision to pay for advertising and the other expenses to be incurred by direction of the ordinance. We think that the ordinance is a plain attempt to avoid the provisions of the Motor Vehicle Law and that it should not be upheld.

The order appealed from should be affirmed, with costs, and the questions certified answered in the negative.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Order affirmed.