Summers, J.
This was an action brought by a taxpayer to enjoin the enforcement of an ordinance of the city of Columbus, passed March 20, 1905, to license and regulate the use of the streets of the city by persons who use vehicles thereon, in so far as it applies to automobiles or motor vehicles.
The city filed a general demurrer, which was sustained and 'the petition dismissed and on error in the circuit court the judgment was affirmed.
The ordinance provides that no vehicle shall be used upon the streets without a license. The annual fee for an automobile used by one or two persons is five dollars, used by three or more per *687 sons seven dollars and a half, and used in hauling goods or freight seven dollars. ' The ordinance provides for the keeping of a register of automobiles, requires an identification tag to be displayed, and provides that money received from fees shall be applied to the expenses of issuing the licenses and furnishing the tags, and the remainder to the improvement of the streets.
This ordinance is supposed to be authorized by paragraph 9, Section 7, of the Municipal Code of 1902, Section 1536-100, Revised Statutes, which confers upon municipal corporations the power: “9. To regulate the use of cárts, drays, wagons, hackney coaches, omnibuses, automobiles, and every description of carriages kept for hire or livery stable purposes; and to license and regulate the use of the streets by persons who use vehicles, or solicit or transact business thereon; to prevent and punish fast driving or riding of animals, or fast driving or propelling of vehicles through the public highways; to regulate the transportation of articles through such highways and to prevent injury to such highways from overloaded vehicles, and to regulate the speed of interurban, traction and street railway cars within the corporation.”
It is difficult to construe that paragraph in connection with Chapter 12 of Title 12, Section 1536-327, et seq., Revised Statutes.
But, in view of subsequent legislation as to automobiles, it is not necessary to do so, in the determination of the questions raised in the present case.
The automobile has but recently come into common use. Its use is not restricted to a particular locality or city, but extends from city to city all over the state, and to other states, and the number *688 of hors'es likely to be frightened, and the dang-erous speed with which many cars were operated, led to the enactment of ordinances regulating its use. These regulations were so various, and in some instances so unreasonable, and in view of the ■ fact that outside of his own city it was impracticable for the operator to learn what the regulations were until after he had violated them, that the necessity fór a law, making uniform regulations that might be known and undersood by all, was apparent. Accordingly in 1906 a law was passed (98 O. L., 320), that provided for an annual license, the registration of the car and its identification by a number attached. It regulated the speed and manner of operating the car and prescribed, brakes, lights and signals, and then provided: “Section 19. Subject to the provisions-of this act, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring- of.any owner or operator of a motor vehicle any license or permit to use the public highways, or excluding or prohibiting any motor vehicle whose owner has complied with section two of this act from the free use of such highways, except such driveway, speedway or road as has been or may be expressly set apart by law for the exclusive use of horses and" light carriages, or except as herein provided, in any way affecting the registration or numbering of motor vehicles or prescribing- a slower rate of speed than herein specified at which said vehicles may be-operated, or the use of the public highways, contrary to or inconsistent with the provisions of this act; and all such ordinances, rules or regulations now in force are hereby declared to be of no validity or effect.”. •
*689 This act is, substantially, a copy of the New York motor vehicle law (L. 1904, Ch. 538), Laws of New York, 1904, which law it is held, in City of Buffalo v. Lewis, 192 N. Y., 197, “was clearly designed as a new, complete and general enactment to take the place of all the previous statutes, ordinances or rules relating to the use of motor vehicles upon the streets and highways of this state and must be held to have repealed all former statutes relating to such subject-matter, even if such former acts are not in all respects repugnant to its provisions. The common council of the city of Buffalo had, therefore, no power, in 1907, to enact an ordinance in pursuance of the provision of Chapter 31 of the Laws of 1904, amending Section 17 of the city charter (L. 1891, Ch. 105), and authorizing it to enact an ordinance imposing a tax upon the . owners of motor vehicles for the privilege of operating them upon the streets of such city, since the provisions of the statute in question must be considered as repealed by the subsequent enactment of the Motor Vehicle Law, and that statute expressly provides that with certain exceptions, not applicable to the question under consideration, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring of any owner or operator of a motor vehicle any license, or permit, to use the public highways contrary to or inconsistent with its provisions.”
The Ohio law of 1906, as appears from that part of Section 19, above quoted, expressly declares tha all such ordinances and regulations shall be of no validity or effect.
*690 But it is said that the act of 1906 is unconstitutional on the grounds stated by the attorney general, annual report of the attorney general of Ohio, 1906 and 1907, page 48, and that it has been declared unconstitutional in Feasel v. The State of Ohio, 6 N. P., N. S., 321. The unconstitutionality of the law is not apparent, and conceding that it is so defectively drawn that its penal provisions can not be enforced, it does not follow that the provisions of Section 19 were inoperative. Those provisions did not merely suspend but annulled the ordinance, and the repeal of the act of 1906 by the act of 1908 (99 O. L., 538), does not revive the ordinance.
Having reached this conclusion it is not necessary to determine whether municipalities under the statutes as they exist since the passage of the law of 1908, “To provide for the registration, identification and regulation of motor vehicles” (99 O. L., 538), may regulate and license automobiles.

Judgments reversed.

Crew, C. J., Davis, Shauck and Price, JJ., concur.