## CITY OF ST. LOUIS v. FRANK E. WILLIAMS, Appellant.

### Division One, July 1, 1911.

1. MUNICIPAL REGULATIONS: Repugnant to Statutes.  Except in matters of purely local and municipal concern the regulation of which has been committed to the municipality, the ordinances of the city of St. Louis, where they are repugnant to the general laws of the State, are not valid, and no one can be convicted for a violation thereof.

2. ———: ———: Automobiles: Identification Numbers.  The Legislature has the power to enact a general statute regulating identification of numbers on automobiles, and has enacted such a statute, and, therefore, ordinances on the same subject enacted by a city are repugnant thereto, and so far as in conflict therewith are invalid.

3. ———: ———: ———: ———: Requirement for Display of City License Number.  The requirement of the ordinance that the number of the city license shall be displayed on the automobile is in conflict with the statute which says that the owner of an automobile "shall not be required to place any other mark of identity upon his motor vehicle" than the registration number registered with the Secretary of State.  The purpose of the statute requiring the display of a number is to facilitate the identification of the motor car whose driver has been guilty of negligence or of an offense against speed regulations, and more than one number displayed on the rear of the machine tends to confuse and to destroy accurate observation or identification.

*Held,* by VALLIANT, J., dissenting, that the ordinance and statute are not in conflict. The word "identity" used in the statute does not mean that the number is to be the means of identification of the vehicle driven in excess of speed regulations, etc., but it refers to the things required in the foregoing part of the statute, that is, the vehicle described in the certificate of registration issued by the Secretary of State, which description contains the name of the owner, his residence, the name of the maker, his place of business, the kind and class of the machine, etc.

The words of the statute are added thereto as a proviso, and a proviso has reference only to what is contained in the body of the enactment, and can have no existence separate and apart therefrom, and is intended to restrict the application of the general clause; and giving to this proviso its legitimate interpretation it means that no other evidence to identify the machine as the one registered under the statute by the Secretary of State shall be required. It cannot be said that the Legislature intended by a proviso, which is naturally susceptible of an interpretation that refers to another subject, to take away from the city the right to require the automobile licensee to display its license number as evidence of his compliance with its ordinance imposing a license.

4. ————: ————: ————: ————: ————: **To Facilitate Enforcement of License: Incident.** The display of the city license number on the automobile is not necessarily incident to the power to license and tax such vehicles granted to the city. The power to license and tax is not dependent upon the display of the license number. Besides, the ordinance does not require that a license tag be displayed. What it does require is an "identification number" on the rear of the machine.

*Held,* by VALLIANT, J., dissenting, that the charter admittedly confers on the city power to impose a license tax upon automobiles, and the right to require the licensee to display his license number as evidence that he is a resident of the city, subject to the license tax and has paid it, is a reasonable requirement, and is a necessary incident of the power, for without it the ordinance cannot be adequately enforced; and that ordinance does not infringe upon the statute which requires the display only of such a mark or sign as identifies the machine as one registered with the Secretary of State.

5. ————: ————: ————: ————: **License Tag: Convenience.** Mere considerations of convenience, for instance, that the display of a license tag would facilitate the collection of the license tax which the State has empowered the city to impose

upon automobiles, cannot be permitted to thwart the legislative will, nor held to empower the city to exercise an authority expressly denied it by general statute, namely, to require the display on the automobile of its license number in addition to the number which the State requires.

Appeal from St. Louis Court of Criminal Correction.— *Hon. W. A. Taylor*, Judge.

REVERSED.

*Seddon & Holland* and *F. C. Sharp* for appellant.

The charge of the information is a violation by the defendant of a city ordinance. The only ordinance offered in evidence, claimed by the city at the trial to have been violated, is contained in sections 1553, 1554, 1555 and 1557, of the general ordinances of the city. The defendant was convicted solely for an act claimed to have been a violation of this ordinance. Our point is that article 4, section 53, of the Constitution of Missouri provides that the ordinances of the City of St. Louis shall always be "in harmony with and subject to the Constitution and Laws of Missouri," and that the said ordinance is in direct conflict with the general law of the State regulating automobiles and is therefore void. As the defendant was convicted, sentenced and fined for a supposed violation of a void ordinance, he was deprived of his constitutional protection. St. Louis ex rel. v. Karr, 85 Mo. App. 608; State v. Stein, 2 Mo. 56; In re Jilz, 3 Mo. App. 243; State ex rel. v. Railway, 117 Mo. 15; State ex rel. v. Tolle, 71 Mo. 645; State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Higgins, 125 Mo. 364; State v. Lindell, 151 Mo. 162; Badgley v. St. Louis, 149 Mo. 122; State v. Police Court, 80 Mo. App. 206; St. Louis v. Dorr, 145 Mo. 466; Kansas City v. Bacon, 147 Mo. 259; Railroad v. Citizens, 148 Mo. 665; Constitution of Missouri, art. 4, sec. 53.

*Lambert E. Walther* and *Truman P. Young* for respondent.

(1) The ordinances in question are a valid exercise of the charter powers of the city, expressly reserved by the State law relating to automobiles. St. Louis City Charter, art. 3, sec. 26, pars. 1 and 5; art. 5, secs. 1, 3, 15, 25; R. S. 1909, sec. 8520; St. Louis v. Green, 7 Mo. App. 468; St. Louis v. Green, 70 Mo. 562; St. Louis v. Woodruff, 4 Mo. App. 169; St. Louis v. Weitzel, 130 Mo. 618; Kansas City v. Corrigan, 18 Mo. App. 316; Kansas City v. Richardson, 90 Mo. App. 450; Springfield v. Smith, 138 Mo. 644. (2) The State and city may tax the same thing and may require licenses for the same thing, whether a business, an occupation or a tangible piece of property. Simpson v. Savage, 1 Mo. 203; State ex rel. v. Bell, 119 Mo. 70; State ex rel. v. Baker, 32 Mo. App. 100; Aurora v. McGannon, 138 Mo. 38; Monett v. Hall, 128 Mo. App. 91. (3) The State and city may enact police regulations covering the same subject; such regulations will be construed together and both will be allowed to stand unless they are mutually contradictory. St. Joseph v. Levin, 128 Mo. 588; St. Louis v. De Lassus, 205 Mo. 578; Gower v. Agee, 128 Mo. App. 427; State v. Kessels, 120 Mo. App. 233; Joplin v. Jacobs, 119 Mo. App. 134; Kansas City v. Oppenheimer, 100 Mo. App. 527; Cauble v. Craig, 94 Mo. App. 675. (4) The right to compel automobiles to display their license numbers is a necessary incident to the right to compel them to be licensed. The grant of a power implies all the incidents of the power. When the end is conceded the means are implied. McCulloch v. Maryland, 4 Wheat. 316; Logan v. U. S., 144 U. S. 263. (5) The proviso to Sec. 8505, R. S. 1909, is merely a legislative construction of the statute and cannot be held to negative the provisions of Sec. 8520 or to limit the charter powers of cities.

BLAIR, C.—By an ordinance of the city of St. Louis, of date March 19, 1907, it was required that on every automobile operated in that city there be displayed, in a prescribed way, for the purpose of identification, the number of its city license, the sections in question reading as follows:

"Section 1553. That hereafter, all automobiles operated in the city of St. Louis, shall display identification numbers as herein provided. Such numbers shall be not less than five inches high, and the line marking the numbers shall be white and be five-eighths of an inch wide at every point and such numbers shall be placed at least three-fourths of an inch apart.

"Section 1554. All such numbers shall be painted on black or blue signs or placques of wood, metal or leather, or directly on the machine itself, provided the machine be painted black at this particular place; and such signs or placques shall be so attached to the machine that they will not sway in any direction independently of the motion of such machine. The numbers shall be of arabic numerals. The numbers to be displayed on said automobiles as herein provided, shall correspond with the number of the operating license tag or plate issued to the owner of said automobile, providing further that a license tag or plate bearing numbers and attached to the machine and lighted at night as herein provided may be used as a full compliance with the provisions of this ordinance.

"Section 1555. Such numbers shall be displayed on the rear of the machine, in plain sight as nearly as possible in the middle of the machine, and shall be low enough so as not to be hidden by the hood or any other obstruction on the machine."

In August, 1907, appellant violated this ordinance and subsequent proceedings resulted in the judgment from which this appeal was taken.

The case was heard below on an agreed statement of facts which discloses that on the automobile which

appellant was operating, its registration number appeared in full conformity to the provisions of the statutes of the State, and that the city license tax imposed by the ordinance to which reference is made in the section quoted, had been paid. The number of the city license did not appear on the vehicle.

Except in matters of purely local and municipal concern (St. Louis v. Dorr, 145 Mo. l. c. 476 et seq.; St. Louis v. Meyer, 185 Mo. l. c. 597) the regulation of which has been committed to the municipality, the ordinances of the city of St. Louis, in instances in which they are repugnant to the general laws of the State, must yield.

This conclusion is supported by constitutional, statutory and charter provisions (Secs. 23, 25, Art. 9, Const.; Sec. 9582, R. S. 1909; Sec. 26, Art. 3, Charter of St. Louis), the common law (Tiedeman on Mun. Corp. sec. 146) and numerous decisions of our courts (St. Louis v. Meyer, supra; St. Louis v. Klausmeier, 213 Mo. l. c. 125), and is not open to question.

It is not necessary to delimit the field within which the Municipal Assembly of the city of St. Louis may exert its power, freed from the restraint of general laws, to legislate in matters of purely local and municipal concern, but it will suffice to say that the subject-matter of the ordinance in question is clearly one with reference to which the State Legislature has the power to enact a general law (City of St. Louis v. Meyer, supra; City of St. Louis v. King, 226 Mo. l. c. 348; City of Buffalo v. Lewis, 192 N. Y. 199 et seq.); and, consequently, the ordinance itself belongs to that class to the validity of which harmony with the laws of the State is requisite. The motor vehicle law, chapter 83, Revised Statutes 1909, was designed to apply uniformly throughout the State and to repeal all conflicting provisions whether found in statute or in ordinances. [City of Buffalo v. Lewis, supra.]

The sole question presented, therefore, is whether

the ordinance above set forth is in conflict with the state law. The section of the statute with which it is said to come into collision is section 8505, Revised Statutes 1909, by which section the manner in which the registration number of all motor vehicles registered in the office of the Secretary of State shall be displayed is minutely prescribed, that section concluding with the following proviso: "*And provided,* that said owner shall not be required to place any other mark of identity upon his motor vehicle."

In searching for the meaning of this section and proviso, conditions under the former law may be taken into consideration and the evils to be remedied taken into account. [City of Buffalo v. Lewis, *supra.*] Prior to the enactment of the section in question, the Act of 1903 (Laws 1903, p. 162) required that a license be procured in each county in which an automobile was operated (State v. Cobb, 113 Mo. App. 156), and that the number of such license be displayed upon the vehicle. It was necessary under the Act of 1903 to secure one hundred and fifteen licenses and display as many license numbers, if an automobile was operated in all parts of the State.

It is apparent that the chief purpose of identification numbers, such as the statute requires, is to enable officers of the law, or bystanders, when occasion requires, to identify these rapidly moving vehicles and prevent their owners or operators escaping, by flight, for which they are so well equipped, responsibility for such offenses against speed regulations as they may commit and for negligence of which they may be guilty.

The presence, on a rapidly moving automobile, of two or more identification numbers between which the observer must choose and which must themselves be "identified," or distinguished from each other, could have no other effect than, in many instances, to defeat the very purpose for which such numbers are required to be attached to the vehicle.

Doubtless these and like reasons influenced the Legislature to affix the proviso to the section mentioned. In view of these considerations and the plain and unambiguous language of the proviso itself, it would seem that it could hardly be contended that if the words of this proviso are "taken in their plain or ordinary and usual sense" (Sec. 8057, R. S. 1909) they can be harmonized with the ordinance under which the conviction in this case occurred.

Counsel for respondent contend that the proviso in question has reference solely to marks of identification under the state law and does not interfere with the right of the city to require an additional number to be displayed for the purpose of identifying the vehicle under the city ordinance. If the sole purpose of the required identification number was to proclaim that the state tax had been paid, the contention would be more plausible. But such is not the case. The size, position, manner in which they are required to be attached to the vehicle, and the marked difference in these respects between the numbers which motor vehicles are required to carry and those it is customary to require in the case of other vehicles, disclose that there was the additional reason, pointed out above, that these vehicles must often be identified while in swift flight over the streets and highways, to the end that speed regulations may be enforced and responsibility for negligence fixed. In fact, this is the principal purpose of the requirement. [People v. Schneider, 139 Mich. 675; Commonwealth v. Boyd, 188 Mass. 79.]

This salutary purpose would be practically defeated by putting upon the proviso the construction respondent asks, since the appearance of two numbers on the vehicle must necessarily tend to confuse. It was this very thing which the Legislature, in our opinion, intended to prevent. The ordinance in question shows on its face that it was not enacted merely to provide a means whereby the fact that the license tax had been

paid might be disclosed. It appears from the ordinance there is other provision made for the issuance to the owners of automobiles of a license tag or plate distinct from the *identification* number required by this ordinance to be placed upon such vehicles. Section 1554 of the ordinance provides: "The numbers to be displayed on said automobiles as herein provided, shall correspond with the number of the operating license tag or plate issued to the owner of said automobile, provided further that a license tag or plate bearing numbers and attached to the machine and lighted at night as herein provided may be used as a full compliance with this ordinance."

It appears, therefore, that the theory of the ordinance is not merely to provide a number to show that the tax is paid, but an additional number for some other purpose, for which it is lawful, under certain restrictions, to substitute the license tag. But it is not for a violation of any ordinance requiring simply the display of a license tag that appellant was convicted, but for a violation of an ordinance which attempted to require him to display an *identification* number in addition to that required by the statute.

This conviction cannot be upheld upon the ground that no license tag was displayed, since the proceedings were not brought under an ordinance of that kind.

It is further argued in support of the validity of the ordinance, that since the city charter gives respondent the power to license and tax vehicles of all kinds, and since the motor vehicle law itself expressly authorizes all the cities of the State to exact a license tax from resident owners of motor vehicles, the power of respondent to require the display upon automobiles, motorcycles, etc., of the numbers of the licenses issued therefor is necessarily incident to the power to license and tax, and that, in fact, the power to license and tax cannot be exercised if the display of the city license number cannot be compelled.

This contention assumes that the requirement of the ordinance is that a license tag be displayed. Such it clearly is not, as indicated above. But were that assumption correct, the Legislature has provided the means of identification asserted to be essential to the exercise of the power of the city to enforce its license ordinances against motor vehicles. With very little additional inconvenience the municipal authorities can utilize this means of identification for all purposes for which identification can be of value in enforcing the collection of the license tax imposed upon automobiles.

Counsel do not suggest any particular in which the enforcement of the license ordinance would be aided by attaching a second mark of *identification* to each vehicle. It may be that such enforcement would be rendered more convenient by such double identification, but it is certainly not vitally necessary to the exercise of the power to impose a license. Mere considerations of convenience, however, cannot be permitted to thwart the legislative will, nor held to empower the municipality to exercise an authority expressly denied it by general law. [St. Louis v. King, 226 Mo. l. c. 345.]

No such means of identification are required in the cases of vehicles drawn by horses, which, though usually not moving so rapidly as motor vehicles yet move with sufficient rapidity to present equal difficulty in the matter of identification for the purpose of ascertaining whether the vehicle tax, usually imposed, has been paid.

The reasons given in support of the contention mentioned would be well enough if addressed to the Legislature, which body has power to repeal and amend laws. We can do neither. Since the proviso in question is subject to but one construction, we cannot do otherwise than put that construction upon it.

It is worthy of note that the Act of 1911 (Laws 1911, pp. 324, 325) opens the way for the city to require motor vehicles to display an identification

number elsewhere than on the rear thereof. That act, though of course not applicable to this case, does indicate that the Legislature thought it necessary to amend the proviso to section 8505, Revised Statutes, 1909, in order that the city might require automobiles to display their city license numbers, the amendment still carefully prohibiting their display on the rear of the vehicles where their presence would tend to confuse those undertaking to identify the machines. This amendment amounts to a legislative construction of the proviso in harmony with that which we have given it above. Doubtless the amendment was induced by the presentation to the Legislature of the reasons presented to us in respondent's brief. That act takes effect August 1, 1911, and it will obviate most of the difficulties with which respondent asserts it will be confronted if a natural construction is put upon the proviso to section 8505.

The power of the city to require the payment of a license tax is not questioned by appellant, and it is unnecessary to further discuss the authorities on that subject to which counsel for the city have directed our attention. Neither are those cases applicable in which, in the absence of a statutory prohibition, the right of the city to require that the city license number be displayed was upheld.

That portion of the ordinance on which the conviction in this case rests is invalid. Since a retrial could not change the agreed facts, it is unnecessary to remand the case. The judgment is reversed. *Brown, C.*, concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur except *Valliant, J.*, who dissents in opinion filed.

235 Sup.—33

## DISSENTING OPINION.

VALLIANT, J.—Appellant was convicted in a police court in the city of St. Louis of violating a city ordinance; he appealed to the St. Louis Court of Criminal Correction, where he was again convicted and fined ten dollars; from that judgment he has appealed to this court.

The ordinance under which he was convicted is contained in certain sections of the Revised Ordinances of the city approved March 19, 1907, relating to automobiles.   Under section 1811, a license tax of ten dollars is imposed on each automobile used in the city. Section 1553 provides: "That hereafter all automobiles operated in the city of St. Louis shall display identification numbers as herein provided.   Such numbers shall be not less than five inches high, and the line marking the numbers shall be white and be five-eighths of an inch wide at every point and such numbers shall be placed at least three-fourths of an inch apart." Section 1554 requires the numbers to be painted on black or blue signs or plaques of wood, metal or leather, or directly on the machine, provided the machine be painted black at that particular place; the number to correspond with that on the license tag issued by the city official to the owner.   Section 1555 requires the number to be displayed on the rear of the machine as near as possible in the middle thereof, low enough not to be hidden by any obstruction on the machine. Section 1557 prescribes a penalty for violation of the ordinance.

Appellant's contention is that the city ordinance requiring the number to be displayed, as therein specified, is invalid because he says it is in conflict with the state statute on the same subject.   That is the only point appellant contends for in this case; in their brief the learned counsel for appellant say:   "While there are many manifest errors in the record, there is but one

point we wish to submit. On this point both parties desire the ruling of this court."

I. It is not questioned that a city ordinance to be valid must be in harmony with and subject to a general law of the State on the same subject. It is also not disputed that the city has authority under its charter to provide by ordinance for the levying of a license tax on automobiles, and it follows as an incident to that right to levy the tax that it make reasonable and necessary provisions for its collection and that incidental power is rendered all the more necessary when besides the collection of the tax there is a police duty to be performed in protecting the lives of people traveling the streets.

If the city is deprived of the power to require that an automobile, as it is driven along the street at a high rate of speed, display a sign that it may be identified as one on which the license fee has been paid, the right to levy the tax might as well be taken away from the city; men could with impunity defy the law. In the city of St. Louis where there are several thousand automobiles in daily use, how can an officer detect one as running without a license as it dashes by him on the street, if there is no sign or plaque displayed? And, aside from the revenue feature of the matter, to deprive the city of the power to require some identification of the machine as one owned in the city, as distinguished from one owned by a non-resident and merely passing through the city, would impair the police power of the city. It is true after an automobile has been belaid and its state sign has been read and its registration number ascertained, the city officer may communicate with the Secretary of State at Jefferson City and after a while the owner of the machine be identified. But that method would be almost as useless as none at all. The Legislature itself recognized the necessity of having

some conspicuous sign displayed to show that the owner had complied with the state law; is it reasonable then to presume that the Legislature intended to deprive the city of the right to require like evidence? The learned counsel for appellant in their brief say: "In order to make effective the regulations prescribed it was necessary to make some provision that every automobile wherever and whenever it was being operated in the State should be capable of being clearly and definitely identified." If such evidence of identification is necessary to render the state statute effective, it is equally so for the city ordinance. Suppose the state law had required no sign to be displayed showing that the machine was registered under the state law, what right would any officer have to halt one on a public highway and demand a show of its license? Without the sign the statute would be of no avail and so it is of the city ordinance. Assuming therefore that the General Assembly had the power to deprive the city of its right to levy the license tax, it did not do so in express terms, and therefore we should not assume that it did so by implication, or that by inadvertence it enacted a statute that so impaired the right as to practically destroy it. We should not so construe this proviso if it is susceptible of any other reasonable interpretation.

The statute invoked by appellant as rendering the ordinance void is section 8505, Revised Statutes 1909; it originated in an act of the General Assembly approved March 19th, 1907. [Laws 1907, pp. 73-4.] In the first section of that act, now section 8503, Revised Statutes 1909, the terms thereinafter used are defined. Section two, now section 8503, Revised Statutes 1909, requires every person owning an automobile to file in the office of the Secretary of State a statement giving his name and address, a description of his motor vehicle to be registered, the name of the maker, etc., on a blank prepared and furnished him by the Secretary of State. On the filing of that statement the Secretary of

State is to register the machine and assign it a number, and on payment to him of the fee, $5, he is to issue the owner a certificate of the registration and a seal stamped with the registration number and words to show that the machine is registered under the state law. The certificate of registration is to contain the same words and number, the name of the owner, description of the machine, and page of the book in which the machine is registered.

The third section, now section '8504, Revised Statutes 1909, provides that if the owner of the registered vehicle should sell it, the registration is to expire and the certificate be returned to the Secretary of State with notice of the sale and the name and residence of the purchaser.

Then comes section four, now section 8505, Revised Statutes 1909, which requires the owner of the motor vehicle to have the number of his registration seal conspicuously displayed on the back of the vehicle and in an illuminated device in front so that it can be seen at night; the size of the letters and figures are prescribed and then the section concludes with these words: "and provided that said owner shall not be required to place any other mark of identity upon his motor vehicle." Those are the words which appellant contends forbid the city to require a sign or plaque displaying the number of the city license to be placed on the vehicle. What is the meaning of the word "identity" as used in that connection? The word identity has for its root the Latin word *idem*, meaning the same, it is defined by Webster as, "The condition of being the same with something described or asserted." A stranger presents a check at a bank and is told that he must be identified; identified as what or as whom? As the man named in the check. To say that a thing is the same, without naming the thing with which it is intended to identify it, is to leave the sentence unfinished and make no sense. Webster says identify

means "to prove to be the same with something described, claimed or asserted." The only thing "described" or "asserted" in this statute to which the word "identity" could refer is the vehicle that is described in the foregoing part of the statute, that is, the vehicle described in the certificate of registration issued by the Secretary of State, which description contained the name of the owner, his residence, the name of the maker, his place of business, the kind and class of the machine, etc. The number that the statute required to be conspicuously displayed was to signify that the machine bearing that sign was the same machine as that described in the certificate of registration and the proviso means that no further proof of that fact should be required. The ordinance which requires the number of the city license to be displayed on the machine does not identify it as the machine described in the certificate of registration issued by the Secretary of State, and is not so designed, but it is to identify it as the machine for which the city license, of that number, issued. If the plate containing the state registration number should get knocked off or lost, the plate containing the city license would not in any degree identify the machine as that one for which the Secretary of State issued the certificate. It is therefore not forbidden by the statute.

II. The words relied on by appellant are inserted as a proviso to the statute. A *proviso* has reference only to what is contained in the body of the enactment; it is either an exception or a condition or a limitation on what has preceded.

"Its office, generally, is, either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extended to cases not intended by the Legislature to be brought within its purview." [32 Cyc. 743, n. 56.] "Whether the term implies a condition or not, must of course depend on the context; sometimes it is a mere condition, sometimes it is an

exception." [32 Cyc. 744.] "From a consideration of the office and function of a proviso it would seem to follow that it can have no existence, separate and apart from the provision which it is designed to limit. 'If it was not intended to restrain the general clause, it was a nullity.' " [Endlich on Interpretation of Statutes, sec. 186.]

Giving to the words contained in this proviso their legitimate interpretation they mean that no other evidence to identify the machine as the one registered under that statute by the Secretary of State, shall be required.

III. I do not understand appellant as disputing the proposition that the city has authority under its charter to levy the license tax in question and, as an incident to that right, would have the right to require the owner or operator of the machine to display the sign or plaque containing the license number as required by the ordinance as a means of identifying it with the machine for which the license was granted, if that requirement is not forbidden by the statute in question; but the contention is that that charter right, to that extent, is repealed or superseded by the proviso to the statute.

Referring again to the nature of a proviso, I do not see how it can be construed into an enactment repealing or superseding another law to which it makes no reference.

But going back to the original act of March 19, 1907, there is nothing in the title to the act to indicate that the Legislature intended to repeal any law that conferred expressly or by implication on the city any right it then possessed. The title to the act is: "An Act to repeal an act entitled 'An act regulating the operation and speed of automobiles on the public streets, roads and highways of this State; fixing the amount of license and prescribing a penalty for violating the same,' approved March 23, 1903, and to sub-

stitute in lieu thereof an act to provide for the (regula-
tion) [registration] of motor vehicles and auto-drivers;
to provide regulations for the operation, use and speed
of motor vehicles on the public highways; and pre-
scribing penalties and civil liabilities for the violation
thereof.''

If the city had the authority to levy the license tax,
it had, as incident to the exercise of that authority, the
right to require the licensee to display a token or sign as
an evidence that he had paid his license.    Evidence of
that character is required by the Federal government,
the State government and the city governments when
the license is of such a character as to render its display
necessary; it is a reasonable requirement, for without it
the law could not be adequately enforced.    The General
Assembly in enacting this very statute recognized the
necessity of such evidence and required it.    Can we
then say that the same General Assembly intended to
take away from the city the right to require this
evidence of compliance with its law, when to do so
would be equivalent, or nearly so, to taking away the
right to impose the tax, and that too when there was
no indication in the title of any such purpose? If it had
so intended it would have spoken more plainly to that
purpose, it would not have veiled its intent in the form
of a *proviso*, which is naturally susceptible of an inter-
pretation that refers to another subject.

The General Assembly of 1911 passed an act
repealing the Act of 1907, which is Chapter 83, Revised
Statutes 1909, and enacted a new chapter in lieu thereof
(Laws 1911, p. 322), by the fifth section of which it is
provided that no person should operate a motor vehicle
while on a public highway without displaying its regis-
tration number in a form therein prescribed on the rear
of such vehicle ''and no motor vehicle shall display any
other number or plate on the rear thereof except as
hereinafter provided.''    A construction of that statute,
of course, is not called for in this case, and we refer to it

only to show that the proviso in the Act of 1907, which we have above discussed, will stand repealed when the Act of 1911 goes into effect, and to point to the fact that under this last act it would seem that the city was not forbidden to require a display of its license number, but that the number shall not be placed on the rear of the machine.

In my opinion the city ordinance under which the appellant was convicted is not in conflict with the section of the Act of 1907 referred to, which is section 8505, Revised Statutes 1909. The judgment should be affirmed.

*Seddon & Holland* and *F. C. Sharp* for appellant.

*Lambert E. Walther* and *Truman P. Young* for respondent.