(169 App. Div. 561)

UNITED STATES RAIL CO. v. WIENER et al.    (No. 7705.)

(Supreme Court, Appellate Division, First Department.    November 5, 1915.)

1. BILLS AND NOTES ⬤⟾302—BILL OF EXCHANGE—INDORSER.

Negotiable Instruments Law (Consol. Laws, c. 38) § 111, declares that if a bill of exchange be dishonored, and the necessary proceedings be duly taken, the drawer is liable for the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. Plaintiff drew a bill of exchange upon a corporation, which duly accepted it and thereafter defendants indorsed it. It was not paid at maturity, though it remained in plaintiff's hands. *Held,* that defendants, as indorsers, were not liable, their liability being secondary to that of plaintiff the drawer; the person on whom it was drawn after acceptance being primarily liable, and the drawer being the one next liable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 622, 643–646; Dec. Dig. ⬤⟾302.]

2. BILLS AND NOTES ⬤⟾504—ACTIONS—PLEADING—EVIDENCE.

In an action on notes and bills of exchange drawn upon a corporation and indorsed by defendants, a letter signed with the corporate name by one of the defendants as treasurer, reciting that the corporation accepted plaintiff's proposition to take 60-day acceptances, provided that the defendants indorsed the notes, not having been pleaded, is not admissible as against defendants.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1719–1727; Dec. Dig. ⬤⟾504.]

Appeal from Trial Term, New York County.

Action by the United States Rail Company against Ernst Wiener and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted, unless plaintiff stipulate to reduce the judgment.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Woolsey A. Shepard, of New York City, for appellants.
Henry B. Corey, of New York City, for respondent.

SCOTT, J.    The complaint states three causes of action—two upon bills of exchange, and one upon a promissory note.

[1] As to each bill of exchange the complaint alleges that plaintiff drew a bill of exchange in favor of defendants on the corporation of Ernst Wiener & Co., which accepted it; that thereafter defendants indorsed it, and the same before maturity was delivered to plaintiff for value, and that said plaintiff is still the owner and holder thereof; that at maturity the bill was not paid and was protested, due notice being given to defendants. There is no allegation of any special or collateral agreement on the part of defendants, the payees and indorsers of the bill, so that the bald question presented by the pleading is whether the drawer of a bill of exchange, upon its dishonor, may recover from the payees, who have indorsed it before maturity.

. Section 111 of the Negotiable Instruments Law provides, as to the liability of the drawer of such an instrument, that:

---

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"If it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

Thus, upon acceptance, a bill of exchange becomes in effect a promissory note; the acceptor standing in the place of the maker and becoming primarily liable, and the maker standing in the place of a first indorser. So upon the face of the drafts in suit Ernst Wiener & Co. became primarily and the plaintiff secondarily liable to defendants. When the acceptor defaulted in payment, plaintiff's obligation arose, and when it acquired title to the note its liability was extinguished, because it was both debtor and creditor; but this did not create any liability on the part of these defendants as original payees and indorsers. Plaintiff relies, to sustain its judgment, on Haddock, Blanchard & Co. v. Haddock, 192 N. Y. 499, 85 N. E. 682, 19 L. R. A. (N. S.) 136. That case, however, is not applicable. The bill of exchange therein considered was drawn by plaintiffs to their own order, and the case turned upon a collateral agreement by the defendant to become liable in case the draft was dishonored. No such agreement was alleged in the present case.

[2] A letter was read in evidence, signed, "Ernst Wiener & Co., Charles W. Tallcott, Treas.," reciting that the company accepted plaintiff's proposition to take "60-day acceptances," provided that "our Messrs. Wiener and Tallcott indorse the said notes." This letter was not admissible, not having been pleaded, and its meaning is not entirely clear. It does not purport to be an agreement on the part of Tallcott and Wiener individually, and is not signed by the latter in any capacity. Whatever may be the fact as to any collateral agreement on the part of defendants, none was alleged, and the complaint was therefore insufficient so far as concerns the bill of exchange.

As to the note sued upon the only defense is that notice of dishonor was not properly given to defendants. We think that, under the circumstances, the notice was properly given. The result is that the judgment appealed from must be reversed, and a new trial granted, with costs to abide the event, and the findings numbered "V" and "XIX" reversed, unless plaintiff stipulates to reduce the judgment by the amount recovered upon the two bills of exchange, in which case the judgment, as reduced, will be affirmed, without costs. All concur.