## MOORE v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2097.  Decided Oct 29, 1931

Joy H. Hunt and E. O. Ricketts, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, and J. E. Bowman, Ass't Prosecuting Attorney, Columbus, for defendant in error.

ALLREAD, PJ.

Counsel for plaintiff in error cite the case of Henry v The City of Cleveland, reported in 27 O. C. A., 231. This is a well considered opinion by Judge Leighley, concurred in by the other members of the court. It involved the validity of an ordinance providing that,

"The driver of a vehicle, which has been in collision with person or property upon any street or public place within the municipal limits, shall stop and give such reasonable assistance as can be given and upon request give the name and address of the owner of the vehicle, is invalid where pains and penalties are provided in case of violation, and there is a failure to limit its application to drivers who have knowingly caused injury, or requirement is made that assistance be given without provision for compensation, or there is a failure to fix the standard as to what constitutes reasonable assistance."

This ordinance was held invalid because of certain provisions therein as to the duties of the driver. There is no contention in that case that an ordinance which provided no more than the statute under which this prosecution was had provided, would be invalid. We can not escape the view that it is a reasonable requirement on the subject of identification. Certainly a driver of an automobile who uses the public highways

of the state can be made to give this information as a means of identification. It is true that the courts in this state have not gone farther than the decision of Judge Leighley in the case referred to. But other states have sustained a similar law as a means of identification of parties using the public highways of the state. Among other decisions is the one in Ex Parte, Forrest E. Kneedler, 243 Mo. 633. In this case the court in its opinion holds:

"The mere fact that the driver discloses his identity is no evidence of guilt, but rather of innocence. State v Davis, 108 Mo. 666, 32 Am. St. Rep. 640, 18 S.W. 894. On the contrary, flight is regarded as evidence of guilt. In the large majority of cases, such accidents are free from culpability. If this objection to the statute is valid, it may as well be urged against the other provisions, which require the owner and chauffeur to register their names and number, and to display the number of the vehicle in a conspicuous place thereon, thus giving evidence of identity, which is the obvious purpose of the provisions. St. Louis v Williams, 235 Mo. 503, 139 S.W. 340. We have several statutes which require persons to give information which would tend to support possible subsequent criminal charges, if introduced in evidence. Persons in charge are required to report accidents in mines and factories. Physicians must report deaths and their causes, giving their own names and addresses. Druggists must show their prescription lists. Dealers must deliver for inspection foods carried in stock. We held a law valid which required a pawnbroker to exhibit to an officer his book wherein were registered articles received by him, against his objection based on this same constitutional provision. We held this to be a mere police regulation, not invalid because there might be a possible criminal prosecution in which it might be attempted to use this evidence to show him to be a receiver of stolen goods. St. Joseph v Levin, 128 Mo. 588, 49 Am. St. Rep. 577, 31 S.W. 101. If the law which exacts this information is invalid, because such information, although in itself no evidence of guilt, might possibly lead to a charge of crime against the informant, then all police regulations which involve identification may be questioned on the same ground. We are not aware of any constitutional provision designed to protect a man's conduct from judicial inquiry, or aid him in fleeing from justice."

This opinion aptly states the rule of liability and the basis for the rule. We there-

fore hold that the court properly sustained the conviction. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.