The People of the State of New York ex rel. William M. Hainer, Appellant, *v.* The Keeper of the Prison of the Seventh District Magistrates' Court of the City of New York et al., Defendants.

The People of the State of New York, Respondent.

Motor Vehicle Law — Power of Municipalities to Enact and Enforce Speed Ordinances — Penalties Prescribed by Municipal Ordinance Not Exclusive of Those Prescribed by General Law. Under the provisions of the Motor Vehicle Law (L. 1904, ch. 538), permitting the local authorities of cities and incorporated villages to "limit by ordinance, rule or regulation hereafter adopted, the speed of motor vehicles on the public highways," such municipalities have only the power to prescribe a lower rate of speed within their territorial jurisdiction than that permitted by the general law. The ordinance by which this is accomplished must prescribe the same rate for all other vehicles; the same penalties for a violation thereof must be applicable to all other vehicles; and the ordinance cannot become effective until signs have been erected which notify all drivers upon entering the limits of the municipality that they are required to lessen their speed to the rate established. Penalties may be prescribed for exceeding such rate, and any person driving a motor vehicle at a speed in excess thereof, but not in excess of the speed limitation prescribed by the general law, is liable to prosecution and punishment under the ordinance only; but any person who violates the speed limitations prescribed in the general law itself, even though such violation occurs within the limits of the municipality, remains liable to prosecution and punishment under the provisions of the general law.
*People ex rel. Hainer* v. *Keeper of Prison*, 121 App. Div. 645, affirmed.

(Argued November 20, 1907; decided December 20, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 25, 1907, which reversed an order of Special Term sustaining a writ of habeas corpus and discharging relator from custody.

The facts, so far as material, are stated in the opinion.

*Edward F. Flammer* for appellant.   The ordinances were not affected by state legislation.   (*People ex rel. Freligh* v. *Matsell*, 94 N. Y. 179; *City of Rochester* v. *Coe*, 25 App. Div. 300; *Mahon* v. *City of New York*, 29 Misc. Rep. 315; *Duer* v. *Small*, 17 How. Pr. 205; *People ex rel. Fowler* v. *Bull*, 46 N. Y. 69; *People ex rel. Angerstein* v. *Kennedy*, 96 N. Y. 294; *City of Brooklyn* v. *Toynbee*, 31 Barb. 284.) The posting of signs has absolutely nothing to do with this case.   (*Barto* v. *Himrod*, 8 N. Y. 490.)

*William Travers Jerome, District Attorney* (*Robert C. Taylor* of counsel), for respondent.   The Motor Vehicle Law makes it an essential condition that signs should be posted before any local ordinance can have effect.   (L. 1904, ch. 538, § 4.)   If the relator claims that the ordinance is valid and supersedes the Motor Vehicle Law, it is incumbent upon him to give proof that the signs were duly erected.   (Whart. Cr. Law, § 378; *People* v. *Stedeker*, 175 N. Y. 57; *Harris* v. *White*, 81 N. Y. 532; *Jefferson* v. *People*, 101 N..Y. 19; *Rowell* v. *Janvrin*, 151 N. Y. 60; *Fleming* v. *People*, 27 N. Y. 329; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8.)

WILLARD BARTLETT, J.   The relator was arrested and arraigned before a city magistrate in New York upon an information charging him with a violation of subdivision 1 of section 3 of chapter 538 of the Laws of 1904 (the Motor Vehicle Law), in that on the 1st day of June, 1907, at the city of New York, in the county of New York, he "did unlawfully operate, drive and cause to be propelled an automobile or motor vehicle in and along West Seventy-second

Street in the City and County of New York, Borough of Manhattan, the territory contiguous to said street being closely built up, at a rate of speed greater than one mile in six minutes, to wit : one mile in three minutes and twenty seconds." The defendant pleaded not guilty and demanded an examination. The police officer who arrested him testified that on June 1st, 1907, the defendant, driving an automobile eastwardly on Seventy-second street, between West End avenue and Broadway, New York, was going at the rate of eighteen miles an hour. The defendant's counsel offered in evidence, and the city magistrate received, sections 454, 456 and 457 of the ordinances of the city of New York, and thereupon moved to dismiss the complaint. The magistrate denied the motion and held the defendant in $300 bail for trial before the Court of Special Sessions. Thereupon the defendant sued out a writ of habeas corpus and asked to be released from custody, on the ground that the offense with which he was charged was cognizable only under the city ordinances by a magistrate and not under the Motor Vehicle Law by the Court of Special Sessions. The learned judge before whom the writ was returnable, at a Special Term of the Supreme Court, held with the relator and ordered his discharge. On an appeal taken in behalf of the People the order made at Special Term was reversed by the Appellate Division, and from the order of reversal the relator has now appealed to this court.

The question in this case is whether a person driving an automobile at the rate of eighteen miles an hour on a street in the city of New York, where the territory contiguous thereto is closely built up, is punishable under the Motor Vehicle Law or only under the city ordinances relative to the speed of vehicles within the municipal limits. The difference is quite material. Under the Motor Vehicle Law the punishment may be a fine of $100 for the first offense ; a fine of $100 or imprisonment for 30 days, or both, for a second offense, and a fine of $250 and imprisonment for 30 days for a third or subsequent offense. (Laws of 1904, chap. 538, § 6.)

318 People ex rel. Hainer *v.* Keeper of Prison. [Dec.,

Opinion of the Court, per Willard Bartlett, J. [Vol. 190.

On the other hand, under the city ordinances, the penalty cannot exceed a fine of ten dollars or imprisonment for not more than ten days in default of the payment of such fine.

The Motor Vehicle Law expressly permits the local authorities of cities and incorporated villages to " limit by ordinance, rule, or regulation hereafter adopted, the speed of motor vehicles on the public highways " on certain conditions. These conditions may be stated summarily as follows : (1) Such ordinance, rule or regulation must fix the same speed limitation for all other vehicles which must not be in any case less than one mile in six minutes in incorporated villages ; (2) Such city or village must have placed conspicuously on each main public highway where the city or village line crosses the same and on every main highway where the rate of speed changes, signs easily readable bearing the words " Slow down to —— miles " (the rate being inserted), and also an arrow pointing in the direction where the speed is to be changed ; (3) Such ordinance, rule or regulation must " fix the penalty for violation thereof similar to and no greater than those fixed by such local authorities for the violations of speed limitation by any other vehicles than motor vehicles, which penalties shall, during the existence of the ordinance, rule or regulation supersede those specified in section 6 of this act." The city ordinance upon which the appellant relies as having been passed pursuant to the power conferred upon the municipal authorities of the city of New York by the Motor Vehicle Act itself, prescribes a speed of eight miles an hour for bicycles, tricycles, velocipedes, motor vehicles, however propelled, and passenger or other vehicles drawn by horses or other animals, except that in portions of the city not built up where the buildings are at least one hundred feet apart, a speed of fifteen miles an hour may be maintained. It further provides that any person violating any provision thereof shall be deemed guilty of a misdemeanor and upon conviction by any magistrate may be fined not less than one dollar or more than ten dollars, and in default of payment of such fine may be committed to prison for a term not exceeding ten days.

1907.] People ex rel. Hainer *v.* Keeper of Prison. 319

N. Y. Rep.] Opinion of the Court, per Willard Bartlett, J.

This ordinance fulfills two of the three conditions prescribed by the Motor Vehicle Law. It fixes the same speed limitation for all other vehicles as that which is fixed for motor vehicles and the penalties which it prescribes are similar to, and no greater than those fixed by the local authorities for violations of the speed limitation by any other vehicles than motor vehicles. It is not made to appear, however, that the other condition of the Motor Vehicle Law in respect to the establishment of signs has ever been complied with by the municipality; and the Appellate Division has held that this omission is fatal to the enforcement of the ordinance, deeming compliance with the requirement in respect to signs no less essential than compliance with the other conditions prescribed as necessary to the valid enactment of an ordinance on the subject-matter of the speed of motor vehicles.

It will be perceived that both the courts below proceeded upon the assumption that the power of a municipality to enact ordinances in regard to the speed of motor vehicles (when exercised in accordance with the general statute) was substitutionary in its nature — that is to say, that where an ordinance on this subject is lawfully enacted in a city, its provisions and penalties take the place of those of the Motor Vehicle Law, and the enactment of the ordinance practically operates as a repeal of that law so far as speed limitations are concerned within the municipal boundaries. At the Special Term it was held that the ordinances of the city of New York on this subject had been lawfully adopted so as to be effective, and consequently that the relator was liable to prosecution only under those ordinances, although he was charged with having driven the automobile at a speed exceeding that permitted by the terms of the Motor Vehicle Law itself. The Appellate Division disagreed with the Special Term as to the enforceability of the ordinances, holding that they had not become effective by reason of the failure of the authorities to erect the statutory signs relative to a change of speed; but even in that court it was assumed that if such signs had been erected the ordinances would have wholly superseded the

Motor Vehicle Law in reference to the limitation of the speed of such vehicles within the territory of the Greater New York. It is plain enough that the requirement to erect signs directing the drivers of automobiles to lessen their speed at certain points as a condition precedent to the effectiveness of a municipal ordinance on this subject could have been inserted in the Motor Vehicle Law only in the interests of automobile owners and for their protection ; yet the effect of the decision of the Appellate Division is to subject the driver of an automobile on account of the absence of such signs to a more severe penalty than he would incur if the signs had been erected.

It does not seem possible that the legislature could have contemplated such an absurd result. While it must be conceded that the provisions of the Motor Vehicle Law to be considered in this case present great difficulty in the way of a satisfactory construction, nevertheless I think they may be so construed as to work out a harmonious scheme involving no conflict between the provisions of the general law and such ordinances as the various municipalities throughout the state are empowered to enact in regard to the speed limitation of motor vehicles.

Stated briefly, my view of the proper construction is this : The only power of a municipality under the statute to regu· late the speed of motor vehicles by ordinance is to prescribe a *lower* rate than that permitted by the general law. It may fix penalties for exceeding such lower rate. Any person driving a motor vehicle at a speed in excess of such lower rate, but not in excess of. the speed limitation prescribed by the general law, is liable to prosecution and punishment under the ordinance only ; but any person who violates the speed limitations prescribed in the general law itself, even though such violation occurs within the limits of the municipality, remains liable to prosecution and punishment under the provisions of the general law.

It is to be observed, in the first place, that the power conferred upon the local authorities of cities and incorporated

villages to enact ordinances in regard to the speed of auto-mobiles is not a general power to prescribe the rate at which such vehicles may be propelled, but is a power to *limit* the speed. The subdivision of the statute in reference to munici-pal ordinances on the subject is entitled "Local ordinances prohibited" and begins by laying down certain prohibitions not material here to be considered. Then comes the proviso in these words: "provided, however, that the local authorities and incorporated villages may *limit* by ordinance, rule or regulation hereafter adopted the speed of motor vehicles on the public highways" on the conditions thereinafter specified which have already been set forth in this opinion. The words "may limit" as here used are equivalent to the words "may still further restrict," upon observing the prescribed conditions. A city or village is thus authorized to prescribe a slower rate of speed within its territorial jurisdiction than that permitted by the Motor Vehicle Law itself. The ordi-nance by which this is accomplished must prescribe the same rate for all other vehicles; the same penalties for a violation thereof must be applicable to all other vehicles; and the ordinance cannot become effective until signs have been erected which notify all drivers upon entering the limits of the municipality that they are required to lessen their speed to the rate established by the ordinance.

The sole power conferred upon municipalities being to restrict the permissible speed of automobiles still further than it is restricted by the general statute, it follows that the penalties which they are authorized to establish should be deemed to extend only to violations of the speed limitation as thus restricted and not to apply to violations of the speed limitations prescribed in the general statute. For example, the Motor Vehicle Law permits a speed of ten miles an hour in the built up portions of New York city; the speed under the ordinance cannot exceed eight miles an hour. Under the construction suggested one who drove his automobile over eight miles but less than ten miles an hour would be punishable under the ordinance (assuming that the proper

signs had been put up) while if he exceeded ten miles an hour he would render himself liable to the penalties provided by the Motor Vehicle Law.

The most serious objection to this construction is the provision in subdivision 3 of section 4 of the statute that the penalties established by ordinance "shall during the existence of the ordinance, rule or regulation supersede those specified in section 6 of this act." It is evidently the language of this provision which has led the courts below to hold that the Motor Vehicle Law, so far as speed limitations are concerned, may be wholly repealed by the enactment of municipal ordinances relative to the same subject-matter. I am of opinion, however, that this view gives an effect to the language quoted which could never have been intended by the legislature. This provision, I think, was simply intended to make it plain that where a rate of speed slower than that permitted by the statute was prescribed by a municipal ordinance a person who exceeded merely the restricted rate should not be subject to the statutory penalties but should be liable only to those fixed in the municipal ordinance. If the municipalities had been empowered to enact ordinances simply, and nothing had been said about penalties for the violation of such ordinances, the penalties prescribed by the general statute might be held to apply; and it was to guard against this that it was provided that the penalties prescribed by an ordinance should supersede those fixed by section 6 of the statute, *i. e.*, where an ordinance *only* is violated the penalty shall be only that prescribed in the ordinance itself.

As has already frankly been conceded, the construction of the Motor Vehicle Law which I thus deem to be the correct one, is not above criticism; but it seems to me far less objectionable than that adopted in the courts below, and I believe that it expresses the intent of the legislature as fairly as it is possible to gather such intent from the language of the statute. It follows that the relator was properly held for trial before the Court of Special Sessions, inasmuch as the charge against him involved a violation of the speed limitation pre-

scribed in the Motor Vehicle Law itself, and the charge would have been properly cognizable only in that court even if the signs had been set up requisite to make the municipal ordinance effective. Such ordinances could operate only upon persons who violated the restricted speed limitation thereby established, but did not exceed the speed limitation laid down in the general law. .

For these reasons I advise that the order of the Appellate Division be affirmed.

CULLEN, Ch. J., GRAY, O'BRIEN, VANN, WERNER and CHASE, JJ., concur.

Order affirmed.