Philip J. Weiss, J.
Defendant appeals from a judgment of conviction entered against him by the Court of Special Sessions held by Hon. Irving J. Call, Justice of the Peace of the Town of Stafford, Genesee County, on April 10, 1959. Defendant was convicted of the traffic offense set forth in section 1220 of the Vehicle and Traffic Law of the State of New York. The title of the section reads “ Throwing refuse on highways and adjacent lands prohibited ”. The section was enacted by chapter 548 of the Laws of 1958 and has been commonly referred to as “ The Litterbug Law”. Defendant was fined $15 and sentenced to 15 days in jail, the latter portion of the sentence being suspended and defendant being placed on indefinite probation.
The facts are that the defendant Campobello is and has been for some time in the business of the collection of garbage for the City of Batavia. At the time of the alleged violation he had a lease with a farmer named Hanley to dump refuse and garbage on Hanley’s land, which borders on and is adjacent to the School Road in the Town of Stafford. Defendant, in the process of carrying on his business, dumped a quantity of garbage on such leased property. He testified he dumped the garbage approximately 50 feet from the public highway. Defendant testified that before doing so he contacted the office of the State Health Department and that a representative of such department, in charge of sanitation control, advised him that it was proper and lawful for bim to dump garbage at such location, as long *1016 as it was covered with top soil, gravel or some sort of fill within two or three days. Defendant testified he was using the location in question with the full knowledge and approval of the owner of the land, as a substitute for another location which he had previously used on the Hanley farm but at which he was unable to carry on the trench-fill operation of garbage disposal because frost had set in. The defendant testified he had engaged an excavation contractor to cover the garbage in the new location, and that he dumped only three or four loads a week. He testified that he contacted the Sheriff’s office with regard to his method of operation and that he was told by the Sheriff that it was proper and would not constitute a violation of law.
The complainant in this matter is a farmer and owner of property in the vicinity of the land upon which the defendant was charged with dumping garbage in violation of the Vehicle and Traffic Law. The complainant testified that he saw the defendant dump the garbage from a truck. The truck was specially constructed for and operated in the collection of garbage by the defendant. The complainant testified that the dumping took place at a spot approximately 50 feet from the edge of the highway. The complainant testified that upon seeing the incident take place he went to the home of the Justice of the Peace and signed a complaint. The complainant testified that he, a layman, drafted the information for the defendant’s arrest, without assistance from the Justice of the Peace. This seems incredible to this court. The information was in the handwriting of the Justice of the Peace before whom the defendant stood trial and who convicted said defendant. The complainant testified that few people use the road in question because it is a dead-end road which has only one house between the place where the alleged violation took place and the dead end. Complainant testified that he passed the location only once a week but that the garbage, as and where it was dumped, was obnoxious to him as a user of the highway, but that it did not create any hazard to him as a highway user. He admitted upon cross-examination that in the use of his own private property he had dumped animal manure on his own property, near the edge of the road, but that no one complained to him of its being obnoxious.
Before testimony was taken, the defendant moved for a dismissal of the complaint on the ground that the alleged act of the defendant in unloading or dumping garbage 50 feet from the highway did not constitute a violation and that such act was not done either on the highway, within the limits of the highway, or upon private lands adjacent thereto, within the *1017 common and accepted meaning of the term “ adjacent thereto Defendant’s motion was denied. The same motion was renewed at the close of the prosecution’s case and at the close of the evidence, with the same ruling.
The Justice, in finding the defendant guilty, stated: “ Now I am going to make a few remarks to explain: the law says, speaks of dumping this within the limits of the right-of-way of the highway or upon private lands adjacent thereto. The question is whether this load of garbage, which all agree has been dumped not more than 50 feet from the highway, is within the meaning of the intent of the legislature as being prohibited under Sec. 1220-a. It is my opinion that it was the intention of the legislature to prohibit such dumping. I therefore find the defendant guilty as charged
The affidavit upon appeal by the defendant states that the foregoing remarks of the Trial Judge in passing sentence were read from a prepared statement, which obviously had been prepared in advance of the trial. It should be noted here that the garbage in this matter was not thrown, dumped, deposited or placed upon the highway proper nor within the limits of the right of way adjoining the highway. The information charged, and the testimony sustains a finding-that it was dumped at a point 50 feet from the highway. There was no proof that it was thrown from any vehicle onto the highway, or by a person, on the adjoining right of way over a fence to the spot where it laid. Much to the contrary, it was conveyed by a specially designed, sealed truck, constructed for the purpose of conveying garbage and waste material. Such garbage was conveyed to private property, specially leased by the defendant for the purpose of dumping and disposal. It lay 50 feet from the highway, and unquestionably it must be assumed had not been thrown to where it lay from either the highway or the adjoining right of way.
It is the feeling of this court that the trial court has misinterpreted the intent of the Legislature in enacting section 1220, the so-called “ Litterbug Law”. It is the opinion of this appellate court that the intent of the Legislature was to cover cases where articles of litter are thrown from vehicles onto the highway or the adjoining right of way. Also, to cover cases where litter is left on the right of way or thrown over fences which usually separate the right of way and the private property which borders on and adjoins the right of way. This is the property which this court feels was meant by the Legislature* when the term “ private lands adjacent thereto ” was adopted. The part of private lands “ adjacent to ” the highway or right of way means, it is the opinion of this court, such private *1018 property as litter, refuse and other matters might be thrown upon from the highway or right of way. It does not seem logical or reasonable to assume that section 1220 was intended to punish for the lawful use of private land, simply because it is adjacent to the public highway or right of way, by the owner or lessee of such land. If such interpretation were given to the section every owner of private land adjacent to the public highway, or a lessee thereof, would be in violation for any refuse, trash, garbage, rubbish, litter or other nauseous or offensive matter that he or the lessee might throw, dump or deposit or place upon his own private land. Such interpretation would be contrary to the accepted principle of the right of private ownership and the use of private lands, and would be illogical and unreasonable. If such an interpretation were adopted, any owner that spread fertilizer or animal manure upon his private land, if it happened to be adjacent to the public highway or right of way, would be in violation because of its noxious and offensive odor. The operator and employees of many of the pea-canning factories, where piles of decaying pea vines are stacked on property adjacent to the public highway and in close proximity thereto, would likewise be in violation for the same reason. A private owner or lessee if he allowed, inadvertently or not, any refuse, trash, garbage, rubbish or litter to accumulate on his private property would be in violation, if it were within 50 feet from the public highway.
In this case a lessee deposited garbage 50 feet from the highway or right of way. In doing so he was carrying on his business on private property which he had leased. To hold him in violation of the terms of section 1220 of the Vehicle and Traffic Law seems to unduly and unreasonably extend the intent of the section beyond its reasonable and logical meaning. For such reason it is the feeling of this court that the trial court erred in denying the defendant’s motion to dismiss the complaint on the grounds previously stated.
It is not necessary in this proceeding to do so, however consideration could well be given to the constitutionality of section 1220. The statute, while it provides for a traffic infraction, is nevertheless of a penal nature, and the general rules of criminal laws should apply. (People v. Hilderbrandt, 308 N. Y. 397.)
In this matter, presented upon appeal, the defendant is charged with a violation of a statute which is criminal in nature. A statute which charges a person with a criminal offense should be sufficiently clear to give citizens unequivocal warning of the rule which is to be obeyed. (People v. Verti, 309 N. Y. 401.)
*1019 A citizen is entitled to unequivocal warning before conduct on Ms part, which is not malum in se, can be the occasion of depriving him of his liberty or property. (People v. Phyfe, 136 N. Y. 554, 559.)
What the Legislature meant by the words and term “ private lands adjacent thereto ” with reference to the highway and the limits of the right of way, as used in section 1220, is obviously indefinite and vague. A property owner or lessee of lands adjoining the public highway or right of way has no way of knowing whether his act, in the use of land which he owns or leases, is a violation of law because of the indefiniteness and vagueness of what constitutes “private lands adjacent to the highway and limits of the right-of-way ”. Such owner or lessee is without warning of the rule or statute which he is obliged to obey until a court advises him that he has violated the statute. Such is contrary to the American concept of fair play. The wording of a statute imposing a penalty for its violation should be clear, at least clear enough so that an ordinary member of society may know what the statute provides and how he must conduct himself in order to comply with the law. Without such definiteness and clarity, or some standard to determine what constitutes a violation of law, our penal laws and statutes are too vague and indefinite for consideration, interpretation and enforcement.
It is the feeling of this court that, in view of all the circumstances that exist in this matter, injunctive relief in a civil suit should have been sought, if it was considered that the public health, safety or welfare were affected.
Conviction in this matter should be reversed on the ground that the trial court erred in denying the defendant’s motion to dismiss the complaint.
The fine should be remitted and the record of conviction should be expunged. Prepare order of reversal accordingly.