Thomas M. Bowes, J.
The above-named defendant, served with traffic summons No. 70923, appeared in answer thereto before me sitting as a Court of Special Sessions, charged with violating subdivision (a) of section 1220 of the Vehicle and Traffic Law of this State, in that on February 25, 1968 at about 5:15 p.m. on that date he did throw refuse on Chestnut Avenue, a public highway in the Village of Dansville, New York. Defendant claims that as to him the statute, because of the penalties prescribed by the Vehicle and Traffic Law and mandated by it, violates the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York State Constitution, and is therefore invalid.
Before getting into and deciding the question raised, constitutionality, the thought arises as to whether or not a court of inferior jurisdiction should entertain such a motion or leave the decision to higher or appellate courts. The question of the constitutionality would appear to be here one of first impression, the court being unable to find any cases reported, nor have any cases been submitted, which deal directly or indirectly or by inference upon the question here as applied to the particular statute, the violation of which the defendant is charged. ‘1 Although there is no rule of law which limits the power to determine constitutional questions to particular State courts, or to courts of particular rank in the judicial hierarchy, a reluctance has been expressed by some courts of first instance, and even by some intermediate appellate courts, against exercising the power to declare an act of the Legislature unconstitutional. It has been stated that a court of first instance will assume a statute to be constitutional until otherwise determined by the higher courts, especially when the statute in question is one under which the court of last resort of the State has acted. There is, however, authority — which appears to be better reasoned — which supports the view that the duty to determine the constitutionality of a statute rests upon the court of first instance as well as upon appellate courts.” (8 N. Y. Jur., Constitutional Law, § 44, pp. 569-570 and cases therein cited.) Thus there would appear to be a split of authority as to whether or not an inferior tribunal should pass upon the validity of a statute.
This court feels that a defendant is entitled, not to just a part of his day in court, but rather to his full day in court. *125 It would be unfair to refuse to consider any point that a defendant might raise in his defense and thereby require him to approach another tribunal. It is not justice. It is not fair to require him to go through a trial, face possible conviction in one court and then appeal to another court before he can be given a fair consideration of an argument that might have saved his time, the time of the courts, the expense involved and a possible conviction after a short or a protracted trial. I hold that it is the duty of the trial court to consider any and all issues raised by a defendant.
Section 1220 of the Vehicle and Traffic Law, being undenominated otherwise, is a traffic infraction, penalties for which are governed by section 1800 of the same law, which provided for a fine of not more than $50 for a first offense or not more than 15 days’ imprisonment or by both such fine and imprisonment.
The section of law under consideration and as presently found is derived from section 1220 of the Vehicle and Traffic Law of 1929, as added by section 4 of chapter 548 of the Laws of 1958, repealed in 1959. These self-same provisions were formerly found in section 1434 of the old Penal Law, repealed effective 1958 when section 1220, added as stated, of the Vehicle and Traffic Law came into effect. Section 1434 of the old Penal Law provided a penalty of a fine of not less than $5 nor more more than $50. On first blush, it would appear that by changing from the Penal Law to the Vehicle and Traffic Law, the only change was to make a different stated penalty for the offense by deleting the minimum of the fine and adding a possible imprisonment term. Not so, however.
In the treatment of persons charged with the infraction found here, the Vehicle and Traffic Law, rather than the old Penal Law, in and of itself, in addition to the penalty prescribed by section 1800, has prescribed a different treatment as to various individuals insofar as a penalty is concerned, and from the mandatory administrative treatment and procedure to be performed by a Magistrate upon a conviction it is impossible to give all defendants the same penalty within the confines of section 1800 of the Vehicle and Traffic Law. In other words the Vehicle and Traffic Law does not afford equal rights, protection and penalty in violations of it for all people, but prescribes a type of class legislation.
In the case at bar, or in a simulated case, section 1220 of the Vehicle and Traffic Law, entitled “ Throwing refuse on highways and adjacent lands prohibited”, reads: “(a) No person shall throw, dump, deposit or place, or cause to be thrown, dumped, deposited or placed upon any highway, or *126 within the limits of the right of way of such highway, or upon private lands adjacent hereto, any refuse, trash, garbage, rubbish, litter or any nauseous or offensive matter.” (Italics added.)
Under the old Penal Law provisions it was necessary that an information, with or without depositions, would be subscribed and sworn to and be presented to a Magistrate who would issue a warrant. The defendant being apprehended would Tie brought before the bar and upon arraignment, after having been fully advised of his rights, and the information and deposition, if any, having been read to him would plead and upon a finding of guilt, imposition of sentence would be made. This procedure would apply to all defendants indiscriminately and would not, as I see it, violate any rights given by the Constitution of our State. Not so, in the opinion' of this court, if the matter is proceeded by virtue of and under the Vehicle and Traffic Law, since that law mandates certain administrative procedures for any violation of its subdivisions, some of which have the effect of and are a further penalty, as to some and not to others, beyond that found in section 1800 of the Vehicle and Traffic Law.
To analyze. Under any violation of the Vehicle and Traffic Law the proceeding is begun, as here, with a traffic summons, or it may be instituted by a long-form information, with or without depositions, under which, if the latter, a warrant may be issued to bring a defendant into court. A query now arises: if a traffic summons is issued in any matter, even where a pedestrian is charged under this section, must the Magistrate honor the summons or demand a formal information, with or without depositions. I would believe the answer to be a “ yes ”, since the section itself states that “ No person shall ”, and this would indicate that both motorists and pedestrians are prohibited from throwing refuse, etc., and hence an alleged violator may be brought before the court by any proper pleading. To this point everyone is treated alike, as they are in the next procedural matter, that of advising as to counsel and adjournments to procure counsel, if desired.
The next step to be followed would be the reading of the short form of complaint found in the summons, or the information and depositions, if any, provided that form of pleading is used. If the traffic summons is used, the defendant must be advised of his rights under section 147-f of the Code of Criminal Procedure (bill of particulars) and this to be followed by the advice mandated by section 335-a of the code.
*127 What if the defendant is a pedestrian at the time of the violations and has no license of any type to operate a motor vehicle? In such a case must the admonition prescribed by section 335-a be given? Section 335-a reads: “ The magistrate, upon the arraignment in this state of a resident of this state charged with a violation of the vehicle and traffic law * * *
must inform the defendant ” (italics added). It is noteworthy that no exceptions are made, everyone resident, be they operators, riders, pedestrians, licensees or nonlicensees are included, thus treating everyone alike, forming no distinctions, and for this reason I hold that the admonition is mandatory upon all arraignments for any violation charged under the Vehicle and Traffic Law.
If the mandated procedures stopped at this point, I feel there would be no quarrel. However, the Vehicle and Traffic Law mandates further, in at least two, and depending upon the age of a defendant a possible third, and it is with these two and possibly the third distinction created that inequality enters the picture and the quarrel begins.
Section 514 of the Vehicle and Traffic Law reads: “ Upon the conviction of any person of '* * * (c) a violation of any of the provisions of this chapter * * * or (d) a violation of any lawful ordinance or regulation made by local or public authorities in relation to traffic * * * the trial court or clerk thereof shall within forty-eight hours certify the facts of the case to the commissioner, who shall record the same in his office. Such certificate shall be presumptive evidence of the facts recited therein * * * the trial court or the clerk thereof shall endorse on the chauffeur’s or operator’s license, or learner’s permit of the defendant, when space therefor is provided * * * the record of such conviction * * * upon the conviction of any person under eighteen years of age who resides within the household of his parent or guardian, the trial court or clerk shall forthwith transmit written notice of such conviction to the parent or guardian of such minor person ”. (Italics added.)
Taking the three pertinent sections of the Vehicle and Traffic Law (§§ 1220; 1800; 514) and collating them, in the case of a conviction we find that as to all persons section 1800 prescribes the total or full penalty for a traffic infraction, when it says: “for a first conviction thereof be punished by a fine of not more than fifty dollars or by imprisonment for not more than fifteen days or by both such fine and imprisonment; for a second such conviction within eighteen months thereafter such *128 person shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than forty-five days or by both such fine and imprisonment; upon a third or subsequent conviction within eighteen months after the first conviction such person .shall be punished by a fine of not not more than two hundred fifty dollars or by imprisonment for not more than ninety days or by both such fine and imprisonment. ’’ (Italics added.) Nowhere in this section or any other section am I able to find where an added penalty is given, yet, at least by implication there is one, though not spelled out in so many words.
In all cases arising out of a conviction of any section of the Vehicle and Traffic Law, we have seen that a certificate of conviction must be made out and sent to the Commissioner, who is charged with recording it in this office, whether a person has a license or not (§ 514, cl. c) though what purpose this serves as to a nonlicensee is beyond my comprehension, except for the Commissioner to be able to check as against a future application for license of that particular defendant. However, as to a nonlicensee, this mandated action may be said to be an added penalty, since it puts on record, where it serves no present purpose, his conviction, be it merely a traffic infraction, a midemeanor or a felony.
Again, in all cases arising out of a conviction of any section of the Vehicle and Traffic Law, it is mandated (§ 514, 3d par.) the conviction must be indorsed upon part 2 of the license (record of conviction stub), thus enabling a Magistrate, in the future, to have knowledge of the former conviction, its date, the violation charged, the penalty and the tribunal, thus bringing into effect and making mandatory the extra and more severe penalty prescribed by section 1800, in the case of a licensee.
This showing of previous convictions would never be, in the case of an unlicensed defendant, carried forward, known about or enter into a case, yet it is possible for an unlicensed defendant to violate the Vehicle and Traffic Law, many, many times within hours, days, weeks or months of the first offense and how is a Magistrate to know of it and conform to section 1800 with greater and more severe penalties for the subsequent violations. Hence by the mandated provision, the licensee is placed in a different class or position and not only penalized by having his license marked, but penalized further, over a non-licensed defendant, by being pointed out as a second or third offender, and subject, the second or third time, to a greater penalty than he would be if he were unlicensed.
*129 At the present time, the Commissioner of Motor Vehicles has not promulgated, by the authority given him, any points to be assessed against a defendant for a violation of this particular section. Be that as it may, any violation of the Vehicle and Traffic Law may justify suspension or revocation of a license by the Commissioner or any qualified magistrate (Matter of Gregson v. Hults, 23 A D 2d 911; Vehicle and Traffic Law, § 510, subd. 3, par. [a]). It may be argued that a license is a privilege (Matter of Barton v. Hults, 23 Misc 2d 861, 862, and cases cited therein) or that it is a vested property right (Matter of Moore v. Macduff, 309 N. Y. 35, 38) and hence this added possible penalty is not a real penalty at all, but merely a chance of lessening his privileges.
It has been written that ‘ ‘ In the event that an operator is ‘ convicted ’ of certain crimes or offenses, the Commissioner is mandated to revoke the license. The purpose thereof is not primarily to impose increased punishment upon the motorist. It is to remove from the highway those operators of motor vehicles who by their conduct .* * * have shown that they are a potential hazard to the person and property of others ”. (Matter of Jones v. Kelly, 9 A D 2d 395, 400; emphasis added.) Regardless of whether the penalty is or is not the primary purpose of the statute or some other numbered purpose or regardless of whether it is a vested right or a privilege to have a license, it is the opinion of this court that the extra nature of the penalty, and there is one, is unequal penalisation and thus unconstitutional as to and in its application to this defendant.
Concerning the violator under 18 years of age who resides within the household of his parent or guardian. It matters not if he be licensed or unlicensed, male or female. It matters only that he he convicted of any section of the Vehicle and Traffic Law, he under 18 years of age, and reside within the household of his parent or guardian. If he fits into all three of these classifications, he is given treatment and an additional penalty, that of being informed upon. In addition to the penalty prescribed by section 1800, and, as I see them, the mandated penalties prescribed by the first and third paragraphs of section 514, he is again penalized by the fourth paragraphs thereof, by having his parents or guardian notified of his indiscretions. This is not the situation when he is not apparently under their guidance and rule.
It needs no citations to rule that the Legislature would not enact a law for no apparent reason, or enact a law without 'a purpose, or one which fails to provide some good for the citizens of the State. The Legislature must have had a purpose *130 and intended some good to be gained, else they would not have enacted this particular statute. What? From the statistics provided it by the Motor Vehicle Department and other agencies, it could see a great influx of the violations and convictions of violations of the chapter were concerned with minors under 18 years of age, licensed or unlicensed. In answer to its question of how to stem the tide, they evolved the system of bringing to the attention of parents or guardians the fact that their son or daughter has been indiscreet, run afoul of the law and been convicted. What purpose does this serve?
Indirectly it serves the purpose of a possible help from the parents in curbing the ever mounting toll, in money, limbs and life, from violations of this particular chapter of our laws. It says to a parent, in effect, here are the facts, you know the costs to society from your and others’ children violating the vehicle laws. It says, now that you know it, what are you going to do about it. It cannot be gainsaid that the Legislature was not hoping by such action on the part of the Magistrate, that the parent would be tranquil in the matter, but that they would become aroused, especially when they had not been informed by their child prior to the court notice, and deal with the situation as they might see fit and mete out some form of punishment, bringing home in a more clear and impressive manner to the errant offspring, that for the abuse of his privileges and the bringing down upon the heads of him and his parents disgrace, further punishment of some sort would be handed out as a deterrent in future episodes and transgressions.
If this purpose be legal and does deter and minimize the number of violations and the resultant losses to life and property, does the end justify the means? Punishment must be placed directly in the hands of an appointed official or body, it cannot be left indiscriminately to just anybody. The Vehicle and Traffic Law places the responsibility for handing out punishment in the courts or to the Commissioner of Motor Vehicles and judicial powers cannot be delegated (Roderigas v. East Riv. Sav. Inst, 76 N. Y. 316).
As Justice Silverman wrote in People v. Martinis (46 Misc 2d 1066, 1072): “ I am aware that this decision may be unpopular. It is a historic function of Judges to render unpopular decisions when required by the principle of equal justice under law. That is why the decision of cases is entrusted to courts and not to popular elections. Judges being human, there have occasionally been Judges who rendered ‘ popular ’ decisions in violation of this principle; they have become the archetypes of the unworthy Judge.”
*131 This court is cognizant of People v. Campobello (21 Misc 2d 1015) which, from a close reading of the decision (p. 1019), seems to hold, while it does not say so outright, section 1220 unconstitutional, not upon the ground of this court, but rather upon the grounds of vagueness.
I am deeply sensitive to the plight of the highway traveller and to the effort of the Legislature to keep our highways safe and clean and the landscape well cared for and beautiful. However, I do not feel that it can enforce its most worthy purpose in the manner in which it has been attempted. It would be recommended most highly to the Legislature to take the necessary statute to enforce its purpose out of the Vehicle and Traffic Law and put it back into the Penal Law from whence it came, or perhaps, since it affects the beauty and safety of the roads and countryside, into the Conservation Law.
It is the feeling of this court that, in view of all the circumstances that exist, the different forms of treatment afforded violators of the section, the unnatural classifications of violators and penalties to be imposed for such transgressions, that the section violated the rights and privileges afforded persons under both the United States Constitution and the Constitution of New York State.
The charge should be and is dismissed and the defendant discharged.