Daniel G-. Albert, J.
This action, for a judgment declaring invalid and unconstitutional a certain ordinance adopted by the defendant village and enjoining the enforcement of such ordinance, was submitted to the court upon a stipulation of agreed *335 facts, or more precisely a stipulation as to the substance of testimony that would be adduced were the parties to call their witnesses, in lieu of actual testimony.
The ordinance in question, article II, chapter 7, sections 7-19 and 7-20 of the defendant village’s Code of Ordinances, purports to prohibit the spilling of certain material upon the highways within the village and to require the use of metal or canvas coverings on certain vehicles so as to prevent such spillage. Specifically, the challenged ordinance provides:
“ Sec. 7-19. Spilling loads on streets, sidewalks prohibited.
“ No person being the owner, driver, helper, manager or operator of any truck or other vehicle used in the collection or transport of garbage, trash, rubbish, refuse, lumber, stone, gravel, sand, brick, pipe, or any material used for building purposes or any material or matter whatsoever shall allow any of the materials or matter enumerated herein to become dislodged or to fall or blow from such vehicle upon any of the streets, highways, sidewalks or public places in the village. (Code 1932, Ord. No. 18, p. 2, Code 1932, Ord. No. 33.)
“ Sec. 7-20. Vehicles to be covered.
“ Any truck or other vehicle used for the collection or transportation of any of the materials or matter enumerated in section 7-19 shall be provided with a close-fitted cover of metal, canvas or similar material which shall effectually prevent the dislodging, falling, blowing and spilling of such materials and matter onto the streets, highways, sidewalks or other public places in the village. Such cover shall be kept in place at all times while traversing the streets, and highways of the village, and shall be removed only at such time as the vehicle is being loaded or unloaded. ’ ’
The parties’ stipulation indicates that the plaintiff corporations own approximately 250 trailer and dump-trucks which they use to transport sand, stone and other road-building materials from quarries in up-State New York and Connecticut to points within the City of New York as well as Nassau and Suffolk Counties. Much of this material is delivered to the trucks at dock facilities on Long Island Sound to which it is transported by barge. Plaintiffs claim that to comply with the second provision of the ordinance by equipping their trucks with metal covers would cost approximately $4,000 per vehicle and that the cost of canvas covers would approximate $500 per truck.
In support of their contention that the ordinance quoted supra is an invalid and unconstitutional exercise of the defendant village’s legislative power, plaintiffs argue that local municipalities have no authority to adopt ordinances relating to the use *336 of streets or highways except as such power has been specifically delegated to them by the Legislature; that in requiring the use of covers upon otherwise open trucks operating within the village, the defendant is attempting to prescribe the equipment which a vehicle must have and the manner in which trucks must be loaded, and that the Legislature has not delegated such authority to defendant. Similarly, plaintiffs argue that the Legislature has not delegated tó defendant authority to regulate littering by the use and operation of motor vehicles.
It is true, as claimed by plaintiffs-, that the use of streets and highways is “ subject exclusively to regulation and control by the State as sovereign, except to the extent that the Legislature delegates power over them to political subdivisions and municipal corporations ” (People v. Grant, 306 N. Y. 258, 260). Insofar as the first section of the challenged ordinance is concerned, however, the court finds that the prerequisite delegation of such authority has been made by the Legislature. Subdivision 44 of section 89 of the Village Law specifically provides that a board of trustees of a village, subject to general laws of the State,
‘ ‘ may regulate and prevent the deposit of ashes, garbage, rubbish and filth upon the streets or public places ”. Plaintiffs claim that this subdivision, enacted in 1927 and last amended in 1943, has been superseded by section 1604 of the Vehicle and Traffic Law (L. 1959, ch. 775). However, a reading of section 1604, entitled ‘ ‘ Local ordinances prohibited ’ ’, makes clear that it proscribes, generally, only local laws which purport to exact a ‘ ‘ tax, fee, license or permit for the use of the public highway ’ ’ or to exclude persons from the free use of the public highways. It is totally inapplicable and irrelevant herein. Similar reasoning leads to a rejection of plaintiffs’ claim that section 1640 of the Vehicle and Traffic Law, delegating authority to regulate traffic by signals, signs, etc., also ‘ ‘ supersedes ’ ’ the above-quoted section-of the Village Law and limits local municipalities to the matters set forth therein.
Furthermore, the court sees no basis for holding that the Legislature’s enactment of an anti-littering statute, section 1220 of the Vehicle and Traffic Law (which has been twice held to be unconstitutional [People v. Paddock, 56 Misc 2d 123 ; People v. Campobello, 21 Misc 2d 1015]), “ pre-empted ’’the field of “ anti-littering ” legislation. Accordingly, the court finds section 7-19 of the ordinance, insofar as plaintiffs’ contentions are concerned, valid and constitutional and the judgment to be entered herein will so declare.
Insofar as section 7-20 of the ordinance is concerned, however, the court finds no basis, expressed or implied, to support a vil *337 lage’s attempt to regulate the type of equipment which a motor vehicle must have in order to operate upon highways within the village. The Legislature has set standards for equipment (Vehicle and Traffic Law, § 375) and has not delegated authority for additional legislation in this area to local authorities. Clearly, the need for uniformity in such matters is obvious and if defendant and every other village or municipality were permitted to set their own standards it would impose an impossible burden upon those engaged in intrastate commerce.
Accordingly, the court finds, and the judgment to be entered herein will declare, section 7-20 of the ordinance invalid by reason of the absence of any statutory authority for its enactment. In view of the determination, neither party shall be granted costs.