Wilmee J. Patlow, J.
The facts in this case are undisputed. On May 2, 1971, defendant was arrested for violating section 1220 of the Vehicle and Traffic Law which is entitled “Throwing refuse on highways and adjacent lands prohibited ”.
The information charges and the testimony of the arresting officer, Sergeant Joe L. Cook, substantiates that on the aforementioned date, defendant placed two signs on the right of way of State Highway 490. One of the signs bore the description ‘ ‘ Litter Garden Ahead ’ ’; the other read 11 Mr. Perrys Litter Garden ’ ’.
Defendant, who was not represented by counsel, took the witness stand, admitted all of the foregoing, offered in evidence the dictionary’s definition of litter, and testified in essence that he did not believe section 1220 of the Vehicle and Traffic Law was applicable to the facts in this case, and that therefore the information against him should be dismissed.
This court finds no difficulty in agreeing with the defendant.
The statute under which defendant is charged is commonly referred to as the “ Litterbug Law ” (see People v. Campobello, 21 Misc 2d 1015).
The applicable subsection reads as follows: “ (a) No person shall throw, dump, deposit or place, or cause to be thrown, dumped, deposited or placed upon any highway, or within the limits of the right of way of such highway, or upon private lands adjacent thereto, any refuse, trash, garbage, rubbish, litter or any nauseous or offensive matter.”
By no stretch of the imagination can the placement of these signs be construed by this court as a violation of the statute.
Furthermore, the intent of the Legislature in enacting section 1220 of the Vehicle and Traffic Law was primarily to cover cases where litter was thrown from vehicles onto the highway or the adjoining right of way (People v. Campobello, supra, p. 1017). Clearly, no such case is presented here.
Finally, the court feels compelled to point out that in its opinion a conviction of this defendant, under these facts and circum *639 stances, would amount to both, a cruel and ironical application of the statute, and would do violence to the very spirit of the law itself.
For all of the foregoing reasons, the information against the defendant is dismissed.