Peter P. MacKinnon, Esq. Informal Opinion Office of the Village Attorneys No. 2004-10 for the Village of Muttontown Humes Wagner, LLP 147 Forest Avenue P.O. Box 546 Locust Valley, N.Y. 11560
Dear Mr. MacKinnon:
You have asked whether the Village of Muttontown is authorized to enact: (a) a local law that prohibits trucks over a specified weight on designated highways in the Village and provides for the imposition of fines for overweight trucks, using weight standards and a schedule of fines similar to those set forth in section 385
of the Vehicle and Traffic Law ("VTL"); and (b) a local law that would require maintenance of equipment on commercial vehicles consistent with the standards set forth in section 140 of the Transportation Law and its implementing regulations. Violations of the two proposed laws would be prosecuted as local code violations, rather than as violations of the relevant state laws.
With respect to the issue of the Village's power to establish truck weight limits and prescribe penalties to enforce those limits, we conclude that the Village is authorized to enact a local law excluding from designated local highways trucks weighing less than the maximum limits in VTL § 385, but that the Village may enforce that law and impose fines for violations thereof only where the conduct involved is not punishable as a violation of section 385. With respect to the Village's power to establish safety requirements for equipment on commercial vehicles, we conclude that local regulation of this subject is preempted by state law and that the Village is without authority to regulate in this area.
ANALYSIS
I. The Village's Authority to Enact and Enforce Local LawsRegulating the Weight of Trucks on Local Highways
The New York Constitution grants local governments the power to adopt local laws relating to "the acquisition, care, management and use of its highways, roads, streets, avenues and property," to the extent not restricted by the Legislature, and provided that such laws are not inconsistent with the provisions of the Constitution or any general law. N.Y. Const. Art. 9, §2(c)(ii)(6); see also Municipal Home Rule Law § 10(1)(ii)(a)(6). As part of their home rule powers, municipalities are also authorized to provide for the punishment of violations of their local laws by civil penalty, fine, forfeiture or imprisonment, or by a combination of these punishments. See Municipal Home Rule Law § 10(4)(b); Op. Atty. Gen. (Inf.) No. 88-22.
The regulation and control of public highways is a matter of state concern exclusively within the power of the State, except to the extent that the Legislature has delegated such power to political subdivisions and municipal corporations. See People v. Grant,306 N.Y. 258, 260 (1954). The provisions of the VTL are deemed "applicable and uniform throughout this state and in all political subdivisions and municipalities therein." VTL § 1600. Local governments may not "enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of" the VTL unless "expressly authorized" to do so by that statute. Id. Nor may they "enact or duplicate any provision of [the VTL]", except where statutorily authorized to supersede a provision. Id.;see also id. § 1604 ("[e]xcept as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation . . . excluding any such owner [of a motor vehicle] . . . from the free use of such public highways . . . or in any other way restricting motor vehicles or motorcyles or their speed upon or use of the public highways"). To answer your question, it is therefore necessary to determine the extent to which the Village's reasonable exercise of its police powers to enact a local law excluding trucks over a specified weight from certain streets, and to impose fines for violations thereof, is authorized by and consistent with the provisions of the VTL.
A. State Law Regulating the Weight of Motor Vehicles
The VTL restricts the weight and dimensions of motor vehicles on all public highways in the State[1]. Section 385 of the VTL contains a broad and detailed regulatory scheme, establishing specific maximum limits on vehicle width, height, length and weight, and providing for certain exceptions from these restrictions. This provision also authorizes the Commissioner of Transportation and local authorities to issue permits allowing the operation of a vehicle in excess of these limitations on public highways that fall within their respective jurisdictions. VTL § 385(15)(a),(b). Section 385 further sets forth the penalties applicable to violations of its provisions. Id. § 385(18),(19). Specifically, it imposes escalating fines for violations of truck weight restrictions that range from $100 to $2400 for single and double-axle vehicles and from $50 to over $2700 for three-axle vehicles, depending on the amount in excess of the specified limit. See VTL § 385(19)(a),(b). Higher penalties apply in New York City. See id. § 385(19)(c).
The size and weight restrictions set forth in section 385 are applicable on all public highways in the State except highways in New York City, which are subject to the size and weight restrictions promulgated by the City's Department of Transportation. Id. § 385 ("No person shall operate or move, or cause or knowingly permit to be operated or moved on any highway or bridge thereon, in any county not wholly included within a city, any vehicle or combination of vehicles of a size or weight exceeding the limitations provided for in this section."); seealso id. § 300 (the provisions of Title 3, except as otherwise provided in the VTL, "shall be exclusively controlling . . . [o]n the use by motor vehicles of public highways"). Thus, there is no question that section 385 applies to Village streets and roads, which come within the VTL's definition of public highways. See VTL §§ 118, 134; see also People v. Bedell, 251 N.Y. 415, 416-17
(1929) (construing predecessor to VTL § 385 as applicable to village streets).
B. The Scope Of The Village's Power Under The VTL To Enact A LocalLaw Regulating Truck Weight
Section 1640 of the VTL enumerates specific areas in which the State has delegated to villages the power to regulate the use of streets and roads within their boundaries. In particular, section 1640 authorizes villages and cities to enact local laws that "[e]xclude trucks, commercial vehicles, tractors, tractor-trailer combinations, tractor-semitrailer combinations, or tractor-trailer-semitrailer combinations in excess of any designated weight, designated length, designated height, or eight feet in width, from highways or set limits on hours of operation of such vehicles on particular city or village highways or segments of such highways." VTL § 1640(a)(20); see also id. § 1640(a)(10) (authorizing villages to establish a system of truck routes for trucks over 10,000 pounds); id § 1640(a)(5) (permitting exclusion of trucks and other commercial vehicles from specified local highways); Bakery Salvage Corp. v. Lackawanna,24 N.Y.2d 643, 645 (1969) ("The general power of the city to enact a reasonable ordinance to control the weight and size of vehicles on streets is beyond all doubt."). This delegation to permit exclusion of heavy trucks from village highways does not reference the state-wide limitations on truck weights and dimensions specified in section 385, or specifically permit villages to enact local laws inconsistent with the state standards. Cf. VTL §§ 1630(1), 1642(a) (authorizing certain state and local public authorities and cities having a population in excess of one million to enact laws that supersede provisions of the VTL with respect to certain enumerated subjects, including weights and dimensions of vehicles). Accordingly, section 1640(a)(20) must be read in relation to and consistent with the provisions of section 385.
As noted, the provisions of the VTL are intended to be uniform and applicable throughout the State, and local governments are specifically prohibited from enacting provisions that duplicate
any provision of the VTL. VTL § 1600. This rule effectuates the Legislature's intent to prevent "the existence of two sets of enactments, under either of which there could be a prosecution for violation of the provisions thereof." People v. President Trustees of Village of Ossining, 238 A.D. 684 (1st Dep't 1933) (construing predecessor to section 1600), aff'd, 264 N.Y. 574
(1934). To avoid duplication and conflict with section 385, the delegation to exclude heavy trucks in section 1640(a)(20) is most reasonably interpreted as delegating authority to exclude trucks that weigh less than the maximum weight permitted under section 385, rather than as delegating authority to regulate and punish conduct that otherwise violates the maximum weight limits already established by section 385.
Villages certainly lack the authority to permit the operation of vehicles weighing more than the limit set forth in section 385 on its streets and highways, and pursuant to VTL § 1600 a local lawduplicating the state maximum weight standards would also be prohibited. Cf. VTL §§ 385 (authorizing NYC to set weight limits for its highways), 1630(1) (permitting specified public authorities and agencies to supersede provisions of the VTL relating to weights and dimensions of vehicles), 1642(a)(1) (same, cities with population over one million). Section 1640(a)(20) would therefore be meaningless if villages could not regulate lighter trucks[2]. For this reason, section 1640's delegation to villages is reasonably interpreted as authorizing a local law that excludes from village highways trucks weighing less than the state legal maximum weights. See People ex rel. Hainer v. Keeper ofPrison, 190 N.Y. 315 (1907) (delegation to New York City to establish speed limits means authority to set and to enforce only speed limits lower than state maximum); People v. Scanlon,27 Misc.2d 442 (County Ct. Rockland Co. 1961) (delegation to regulate traffic by means of traffic-control devices interpreted to mean power to install and maintain traffic signals, not to regulate standards for obedience to traffic signals which is a subject covered by state law).
Further, in light of the Legislature's clear intent to preempt inconsistent local laws and prohibit duplication of state VTL provisions, see VTL §§ 300 and 1600, as well as the comprehensive nature of the regulatory scheme set forth in section 385, it is apparent that the Legislature intended to deny villages authority to establish penalties for conduct as to which section 385 already prescribes fines. Thus, where a local law prohibits conduct that is also prohibited by a provision of the VTL, conduct that violates the state law must be prosecuted under the VTL, while conduct that violates the local law alone may be prosecuted as a local law violation and subject to the penalties imposed by the local provision. See People v. Hainer, 190 N.Y. 315, 320-21 (1907) (where violator was driving in excess of both lower New York City speed limit and higher state limit, violation was one of state law subject to the higher state law penalties); see also People v.President Trustees of Village of Ossining, 238 A.D. at 688
(intent of state-wide uniformity as set forth in predecessor to VTL §§ 1600 and 1604 was "to prevent two sets of enactments, under either of which there could be a prosecution for a violation of the provisions thereof"). Prior opinions of this office have reached the same conclusion. See 1951 Op. Att'y. Gen. (Inf.) 52 ("[W]here ever the facts disclose a violation of a specific section of the State statute, any prosecution thereunder should be based solely upon a violation of such law. . . . While a local ordinance might well supplement a State statute, it could hardly be presumed that a local parking ordinance was intended to be a substitute for such generally applicable rule of law."); 1930 Op. Att'y Gen. 327 (in absence of state speed limit, speeding convictions were properly considered local law violations for purposes of distribution of fines, while convictions for driving in reckless manner should be considered state law violations regardless of driver's speed).
Thus, conduct that violates section 385's maximum weight limits for vehicles on any public highway would need to be prosecuted under that section, subject to the schedule of fines prescribed therein, even if the same conduct would also violate a village's local law excluding overweight trucks from specified village highways. However, conduct violating only the lower weight limits established by the village law, and thus not implicating the provisions of section 385, could be prosecuted under the local law and would be subject to the penalties prescribed therein[3].
In sum, the Village may not enact a local law duplicating the weight restrictions set forth in VTL § 385, but may only exclude trucks, tractors and commercial vehicles weighing less than the state maximums and enforce such a local law only with respect to conduct that does not also violate the state weight limits.
II. The Village's Authority To Establish Safety Regulations ForEquipment On Commercial Vehicles
You have also asked whether the Village may enact a local law requiring the maintenance of safety equipment on commercial vehicles.
Transportation Law § 140 authorizes the Commissioner of Transportation to adopt rules and regulations governing the safety of operation of commercial motors vehicles transporting passengers or property[4]. See Transportation Law § 140(2); 17 N.Y.C.R.R. Part 720 (safety regulations for motor carriers of passengers); 17 N.Y.C.R.R. Part 820 (safety regulations for motor carriers of property). The jurisdiction of the Commissioner over these matters is exclusive. Transportation Law § 140(8). In addition, the VTL contains comprehensive and detailed provisions governing equipment for motor vehicles operated upon the public highways of the State, including a variety of safety requirements. See VTL, art. 9 ("Equipment of motor vehicles and motorcycles"); id. § 375. Further, the VTL specifies that all motor vehicles operated for the commercial transportation of property or hazardous materials are subject to both the safety provisions of the VTL and those of Transportation Law § 140 and the regulations promulgated thereunder. VTL § 378(1); see also VTL § 300 (except as otherwise provided, VTL safety standards are exclusively controlling "[o]n the accessories used upon motor vehicles").
In light of these provisions, it is clear that the State has preempted local regulation of commercial vehicle safety equipment standards. Accordingly, the Village may not regulate in this area unless specifically authorized by state law to do so.
While section 1640 of the VTL provides that villages may enact local traffic rules with respect to specified subjects, this provision does not empower villages to regulate motor vehicle safety equipment. With respect to the omnibus grant of authority in this provision, see VTL § 1640(a)(16), "the reasonableness of such additional local enactments or directives may be evaluated and measured by comparing them with the particular powers that were delegated expressly by the other subdivisions." People v.Grant, 306 N.Y. at 263 (construing predecessor to section 1640(a)(16)). A local law requiring maintenance of equipment on commercial vehicles is appreciably different from the other express delegations in section 1640(a), none of which concern vehicle equipment. For these reasons, we have previously concluded that a village may not prohibit motor vehicles from using compression brakes within the village. See Op. Att'y Gen. (Inf.) No. 99-29; see also New York Trap Rock Corp.v. Roslyn, 66 Misc.2d 334, 336-37 (Sup.Ct. Nassau Co. 1971) (invalidating village ordinance requiring specific covers on trucks because "[t]he Legislature has set standards for equipment . . . and has not delegated authority for additional legislation in this area to local authorities," and where "the need for uniformity in such matters is obvious"). Moreover, as previously noted, the VTL prohibits localities from enacting laws that "duplicate" any provisions of the VTL. VTL § 1600.
Because state law regulates the subject of commercial motor vehicle safety equipment and standards, without a delegation of authority to villages, regulation of safety equipment by your Village is preempted. See People v. Grant, 306 N.Y. at 260.
CONCLUSION
We conclude that a village may enact a local law excluding trucks weighing less than the state maximums specified in VTL § 385 from specified village highways, and may enforce such a local law with respect to conduct that does not violate section 385. A village may not enact a local law requiring the maintenance of safety equipment on commercial vehicles.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
By: _____________________________ Melanie Oxhorn Assistant Solicitor General
A village may enact a local law excluding from village highways trucks weighing less than the maximum weight limits permitted under state law, but it may enforce such a local law only with respect to conduct that does not also violate the higher state limits. A village is not authorized to regulate commercial vehicle safety standards.
[1] Provisions of federal law also govern the maximum weight and dimensions of vehicles on interstate highways. See23 U.S.C. § 127. Section 385 of the VTL contains a provision intended to ensure that state and local restrictions are neither in violation of nor inconsistent with the federal standards. See VTL § 385(20).
[2] Although the VTL does not expressly fix the minimum weight that a village may establish as the maximum truck weight permitted on its highways, federal law conditions the receipt of certain federal highway aid on the State's permitting trucks of specified weights on the interstate highway system, see 23 U.S.C. § 127), and the VTL deems null and void any local laws inconsistent with the federal standards. See VTL § 385(20).
[3] Fines and other penalties for violations of local traffic regulations (defined as traffic infractions) must also be consistent with the parameters set forth in VTL § 1800, must bear a reasonable relationship to the severity of the offense and not be abhorrent to a sense of justice or shocking to the conscience,see Op. Att'y Gen. (Inf.) No. 88-30.
[4] Federal law also regulates the safety standards for commercial vehicles on interstate highways. See 49 U.S.C. § 31131 et. seq.